235 So.2d 289 (1969)
JEWEL TEA COMPANY, Inc., Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION and Arthur Hoagey, Respondents.
Arthur HOAGEY, Petitioner,
v.
JEWEL TEA COMPANY, Inc., and Florida Industrial Commission, Respondents.
Nos. 38281, 38282.
Supreme Court of Florida.
November 25, 1969.
On Rehearing May 27, 1970.
Billy L. Rowe of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for Jewel Tea Co., petitioner-respondent.
Dewey A. Dye of Dye, Dye, Smith, Cleary & Scott, and W. Robert Mann, of Knowles, Mann & Blalock, Bradenton, for Arthur Hoagey, respondent-petitioner.
Patrick H. Mears and J. Franklin Garner, Tallahassee, for Florida Industrial Commission, respondent.
BOYD, Justice.
These consolidated cases are before us on petition for writ of certiorari to the Florida Industrial Commission.
Claimant was injured on October 6, 1961, in a fall from his delivery truck resulting in a severe hernia. An operation, complicated by claimant's diabetic condition and serious infection, was unsuccessful. Three days after the accident the employer advised claimant that his injury was not compensable under Workmen's Compensation. Claimant received approximately $60 per week for 39 weeks following the accident under a package group insurance plan.
On October 15, 1962, claim was filed for compensation benefits and permanent total disability. By check dated November 10, 1962, the employer paid the claimant $747.60 ($42 per week from July 6, 1962, to November 10, 1962). The employer has continued to pay $42 weekly thereafter.
*290 The Judge of Industrial Claims found that claimant suffered temporary total disability from October 6, 1961, the date of the accident, which disability was continuing through the hearing held April 20, 1967. He ordered the employer to pay interest, but not penalties, on the late payment of compensation for the period July 6, 1962, to November 10, 1962; continue to pay claimant $42 per week during the continuance of his present "total disability"; continue to furnish medical care and treatment and pay $300 attorney's fees to claimant's attorneys. The Judge stated that the fee was not based on the total disability benefits paid.
The Judge of Industrial Claims refused to rule on the group insurance package plan of the employer, holding this matter was not subject to the jurisdiction of the Florida Industrial Commission. The employer contended it was entitled to credit against workmen's compensation liability for hospitalization and medical insurance benefits furnished by Blue Cross-Blue Shield under the package insurance plan in which the employee participated. The employer also contended that it was entitled to credit for disability payments received by the employee under the package plan during the first 39 weeks of his disability. The employee contends that since he contributed a portion of his pay each week to the purchase of these insurance benefits, the employer may not take credit for the purpose of discharging the employer's statutory workmen's compensation responsibility.
The Full Commission affirmed in part and reversed in part, holding in pertinent part as follows:
"We feel that the judge of industrial claims was correct in refusing to assume jurisdiction with reference to the group insurance plan, and the Order in this respect should be affirmed. However, we feel that the judge of industrial claims erred in failing to indicate the type of benefits which the claimant is to receive, whether they are temporary or permanent. The claimant is entitled to know the basis upon which workmen's compensation benefits are being paid. * * * For this reason, we believe that the Order must be vacated and the cause remanded to the judge of industrial claims for a determination of the type of disability to be paid. In addition, the $300 attorney's fee must be vacated and remanded for the judge to consider the award of benefits as a factor in fixing the amount of the attorney's fee."
It is undisputed that all benefits received by claimant during the first 39 weeks of his disability were paid under a group insurance package plan to which he had contributed two dollars a week from his salary. The Judge and Commission held the matter outside their jurisdiction. The result gives the employer a credit against its workmen's compensation liability for payments made under a group insurance plan to which claimant contributed. This is contrary to Florida Statute § 440.21, F.S.A., which provides in part as follows:
"No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars."
Jewel Tea, the employer, contends that Florida Statute § 440.21, F.S.A. is not violated in this case because:
"The employer did not fail to pay workmen's compensation benefits, nor did it require the employee to contribute towards his own workmen's compensation benefits. The employer did, however, deduct from a group insurance plan the amounts that it paid the employee in *291 weekly workmen's compensation benefits."
Regardless of whether you say the workmen's compensation benefits reduce the group insurance benefits or visa versa, the result violates the Statute. Claimant is entitled to workmen's compensation in addition to any benefits under an insurance plan to which he contributed.
Determination of a claimant's right to compensation under Chapter 440, Florida Statutes, F.S.A., requires consideration of Florida Statute § 440.21, F.S.A., and is within the jurisdiction of the Commission. The point for determination is compliance with the Florida Compensation Act. Rights under a contract for group insurance are only incidentally involved.
Other points raised by claimant Hoagey and by Jewel Tea Company have been considered and found without merit.
Accordingly, certiorari is granted, the Order of the Full Commission insofar as it affirms the Judge's refusal to determine entitlement to benefits under Chapter 440, as being apart and in addition to group insurance benefits, is quashed. On remand, the Judge of Industrial Claims, in addition to determining the type of disability to be paid and redetermining attorney's fees as ordered by the Full Commission, must require payment of workmen's compensation benefits for the 39 weeks immediately following the accident. In all other respects the Order of the Full Commission is affirmed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.

ON REHEARING GRANTED
PER CURIAM.
A rehearing having been granted in this cause and the case having been further considered upon the record, briefs and argument of counsel for the respective parties, the opinion and judgment of this court filed November 25, 1969, is hereby adhered to on rehearing.
It is so ordered.
ERVIN, C.J., THORNAL, CARLTON and BOYD, JJ., and MASON, Circuit Judge, concur.