305 So.2d 191 (1974)
Vesta Mae BROWN, Petitioner,
v.
S.S. KRESGE COMPANY, INC., and the Florida Department of Commerce, Industrial Relations Commission, an Administrative Agency, Respondents.
No. 44545.
Supreme Court of Florida.
October 23, 1974.
Rehearing Denied January 17, 1975.
*192 Edward Schroll, Miami, for petitioner.
Charles Desmond Crowley, Fort Lauderdale, for respondents.
ERVIN, Justice.
We consider petition of employer S.S. Kresge Company, Inc., self-insurer of workmen's compensation benefits, and cross-petition of employee Vesta Mae Brown.
Petitioner Vesta Mae Brown was employed by Respondent S.S. Kresge Company, Inc., as a waitress. On December 24, 1970, she sustained a fall in her employment resulting in injury to her ankle, left hip, back, left wrist, right thumb, neck and a hernia. The Judge of Industrial Claims, by his order of December 27, 1972, allowed Petitioner temporary total disability benefits from March 8, 1971, to February 23, 1972, (date of maximum medical improvement) at the rate of $43.46 per week with 6% interest per annum thereon; thirty-five weeks compensation for ten percent partial disability of the body as a whole at the rate of $43.46 with 6% interest per annum thereon; reimbursement of all medical expenses of her accident and further medical care as the nature of her injury requires. At the compensation hearing Petitioner testified that after her injury she had not been able to return to work and was not able to do her normal household work.
Petitioner, after her injury, at the suggestion of employer's store manager, a Mr. Hawkins, filled out claim forms with employer's group insurance carrier, Aetna Insurance Company, and received sick leave benefits thereunder at the rate of $34.00 per week from March 16, 1971, to July 8, 1971. She paid for her medical treatment of her injury from her own Blue Cross/Blue Shield insurance. The sick leave benefits from Aetna were suspended when petitioner filed a claim for compensation with Respondent.
There was dispute in the testimony as to extent of Petitioner's average weekly wage as a waitress for Respondent. The Judge *193 of Industrial Claims stated in his order that Petitioner's average weekly wage, including tips and meals, was $72.44. Respondent's testimony thereon only included Internal Revenue Service reports of Petitioner's wages and its attorney's statement concerning the value of her food and tips. It was stipulated by the parties that claimant's salary was $63.21 per week. The Petitioner testified that the reasonable value of the meals was a dollar per day for five days per week and that her tips averaged $12.00 per day for a five day week, or an average weekly wage of $135.21.
Both parties filed application for review of the Judge of Industrial Claims' order with the Industrial Relations Commission.
The Respondent employer complained the Judge erred in ordering future medical treatment and in not giving Respondent credit for the group insurance payments from March 16, 1971, to July 8, 1971, since Petitioner had not contributed to the cost of the group insurance policy. The Petitioner claimant complained there was no substantial evidence to support the finding which limits her average weekly wage to $72.44; there were insufficient findings as to Petitioner's meals and tips; and insufficient findings of fact regarding her wage earning capacity loss.
The Industrial Relations Commission reversed the order in one particular only, as follows:
"... Since the Judge below found that the employer had voluntarily provided group insurance benefits to the claimant and the claimant had not contributed regular payments to the premiums of the policy, the employer should be entitled to credit for the insurance benefits paid. An employer should not be required to pay the total amount of workmen's compensation benefits where the employer voluntarily and gratuitously provides a group health policy and the employee does not contribute to the premiums of that policy. Hoagey v. Jewell Tea Co., Inc., supra [235 So.2d 289]. The denial of this credit to the employer by the Judge below constitutes reversible error as a matter of law.
"Additionally, the Commission finds that the above-mentioned issue here on appeal is governed by I.R.C. Rule 9, which provides:
`When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier, and/or the carrier and employer, and thereafter the carrier, either voluntarily or pursuant to an award, makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance with said voluntary payment or award, provided the employer furnishes satisfactory proof to the Judge or the Commission of such payment of compensation and medical benefits... .'
"With regard to the one other point on appeal and all points on cross-appeal, it appears that the Order is supported by competent substantial evidence in accordance with logic and reason. U.S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951).
"[T]he Order on appeal is accordingly reversed and remanded with instructions that the Judge of Industrial Claims enter an Order giving the employer/carrier credit for the benefits paid to the claimant under the group insurance."
We find that the Industrial Relations Commission in applying inversely the cases of Hoagey v. Jewel Tea Co., Inc. (Fla. 1970), 235 So.2d 289, and Chemstrand v. Enfinger (Fla. 1970), 231 So.2d 816, to this case committed error. Those cases only go to the proposition that where a claimant *194 has made weekly contributions to the premiums of a private group insurance plan the employer is not entitled to a credit on compensation benefits. There is no Florida law directly on point to the situation in this case. The question submitted here is whether sick leave benefits provided by an employer through group insurance coverage shall be credited on workmen's compensation injury benefits, or are sick leave benefits a part of the fringe benefits of the injured employee's employment contract. The Judge of Industrial Claims determined no credit was allowable. We agree to the extent indicated herein.
Section 440.21, Florida Statutes, provides that: "No agreement by an employee to waive his right to compensation under this chapter shall be valid." This statutory language would appear to preclude any implication that fringe benefit group insurance provided by employer for his employees would ipso facto reduce their compensation benefits.
In Larson on Workmen's Compensation Law, Volume 3, Section 97.51, pg. 508.205, it is stated:
"As to private pensions or health and accident insurance, whether provided by the employer, union or the individual's own purchase, there is ordinarily no occasion for reduction of compensation benefits."
Compare: Southwestern Bell Tel. Co. v. Siegler (1966), 240 Ark. 132, 398 S.W.2d 531; Butler v. Lee (1958), 97 Ga. App. 184, 102 S.E.2d 498; Davies v. Carter Carburetors Div. (Mo.), 429 S.W.2d 738; Ashe v. Barnes (1961), 255 N.C. 310, 121 S.E.2d 549, and Guerrera v. City of New Orleans (La. App. 1968), 212 So.2d 223. "Sick leave" provision for employees is often one of the fringe benefits to induce initial employment or retention of employees.
It has long been the rule that rules and regulations promulgated by state agencies must not exceed statutory authority. At its recent session the Legislature, in Ch. 74-310 revised Ch. 120, the Administrative Procedure Act, to provide machinery to curtail bureaucratic supersession of statutory authority through unauthorized rules and regulations. However, it is reasonable to conclude that workmen's compensation benefits when combined with sick leave insurance benefits provided by employer should not exceed claimant's average weekly wage because under a logical interpretation of the I.R.C. Rule 9 when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled.
With regard to the point made by cross-petitioner employee that her average weekly wage was not properly determined because of failure to consider her uncontradicted evidence concerning tips earned and meals provided, we find there is a paucity of findings by the Judge of Industrial Claims on this point. This was a highly controverted issue upon which comprehensive evidence was adduced. All that the Judge of Industrial Claims had to say in his order on the subject reads as follows:
"That at the time of the accident, the claimant had an average weekly wage, including tips and meals, in the total amount of $72.44, thereby entitling her to compensation at the rate of $43.46 per week."
In view of the sharp contradiction in the testimony on this point, the Judge of Industrial Claims must re-evaluate it and make more definitive findings in harmony with the rationale of Pierce v. Piper Aircraft Corp. (Fla. 1973), 279 So.2d 281.
As to evaluating loss of earning capacity, the Judge of Industrial Claims made the following findings:
"She [petitioner] has had no employment since attaining maximum medical improvement and, as a consequence, her wage earning capacity loss cannot be evaluated at this time due to her lack of *195 employment or attempts to obtain employment." (Emphasis supplied.)
Petitioner urges as to her wage earning capacity loss that the criteria expressed in Walker v. Electronics Products & Engineering Co., 248 So.2d 161 (Fla. 1971), should be applied herein; namely, the extent of physical impairment; claimant's age, industrial history, and education; inability to obtain work of a type claimant can perform in light of her after-injury condition, wages earned after injury, claimant's ability to compete in open labor market remainder of her life and continued employment in the same employ. In Walker we said additional criteria may be applied to the evidence in the record and failure to do so may require reversal. Respondent argues no such application or finding thereon was made because Petitioner presented no such evidence. However, in view of the action of the Judge of Industrial Claims in not evaluating claimant's loss of wage earning capacity, it appears that Petitioner is entitled to a remand on this issue for a more definite finding thereon by the Judge of Industrial Claims, including the consideration of any additional evidence that may be submitted by the parties.
Other points raised by the parties do not appear to have merit warranting reversal.
The said orders are reversed as indicated above and the cause remanded for further proceedings in accordance herewith.
It is so ordered.
ADKINS, C.J., and McCAIN and OVERTON, JJ., concur.
BOYD, J., dissents with opinion with which ROBERTS and DEKLE, JJ., concur.
BOYD, Justice (dissenting).
I respectfully dissent.
I agree with the Industrial Relations Commission in its inverse application of Hoagey and Enfinger, supra. Where a claimant has not contributed regularly toward payment of insurance policy premiums which were voluntarily paid in full by the employer, the employer should be entitled to credit for the insurance benefits paid. To hold otherwise would permit a claimant to have a windfall in the form of double recovery (through the workmen's compensation act as well as through the private insurance policy), unilaterally financed in both instances by the employer. Since the law never contemplated the unjust enrichment of a claimant, I believe that such a credit to the employer is not repugnant to Section 440.21, Florida Statutes, which invalidates any agreement by an employee to share the employer's cost of compensation. The spirit of the workmen's compensation act requires an employer to take care of its employees; it appears to me that this purpose was accomplished in this case by the employer's independent insurance plan. If it is held otherwise, employers will no longer have an incentive to seek independent insurance for they will no longer have immunity thereby. Further, I would agree with the Commission that this issue is governed by Rule 9, Workmen's Compensation Rules of Procedure.
Regarding claimant's cross-petition, it is my view that the order of the Judge of Industrial Claims is supported by competent substantial evidence. U.S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951); Riddle v. Brevard County Bd. of Public Instruction, 286 So.2d 557 (Fla. 1973).
Accordingly, I must dissent from the majority opinion.
ROBERTS and DEKLE, JJ., concur.