339 So.2d 636 (1976)
Louis DOMUTZ, Petitioner,
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Self-Insured, and the Florida Industrial Relations Commission, Respondents.
No. 47932.
Supreme Court of Florida.
November 12, 1976.
Stephen Marc Slepin of Kaplan, Schwartz & Slepin, Tallahassee, and Gerald E. Vick, Miami, for petitioner.
Richard J. Thornton of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for respondents.
*637 ADKINS, Justice.
This case is before us on petition for writ of certiorari to review an order of the Industrial Relations Commission which reversed a compensation order of the Judge of Industrial Claims in favor of petitioner Domutz.
Petitioner had a service-connected 40 per cent permanent partial disability of the body as a whole upon his employment by respondent Southern Bell Telephone and Telegraph Company. During this period of employment petitioner suffered a compensable injury to his back in 1965, and while still recovering from this injury suffered an additional compensable injury to his back in 1967. The parties stipulated that petitioner was permanently and totally disabled as a result of his injuries. The Judge of Industrial Claims awarded petitioner permanent total disability, medical and hospital bills, costs and attorney's fees and disallowed any setoff of disability compensation for pension benefits to which petitioner did not contribute. The Industrial Relations Commission reversed only that part of the award to petitioner wherein a setoff was disallowed for pension benefits paid to petitioner.
The sole question for our decision here is whether an employer is entitled to a credit against workmen's compensation benefits in the amount of pension benefits which petitioner received, but to which he had not contributed, where the total award including the pension benefits did not exceed petitioner's average weekly wage.
As we determined in the case of Brown v. S.S. Kresge Company, Inc., 305 So.2d 191, 194 (Fla. 1974),
"[B]ecause under a logical interpretation of the I.R.C. Rule 9 when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled."
There the issue was whether sick leave benefits provided by an employer should be credited against workmen's compensation injury benefits, and we determined that the decisive factor was not who had contributed to the plan, but rather whether the combination of the benefits from the employer exceeded the claimant's average weekly wage. It should be noted here that I.R.C. Rule 9 is now Rule 18, Workmen's Compensation Rules of Procedure.
We are not faced here with a determination of whether pension benefits paid by the employer should be credited against workmen's compensation benefits if, in fact, the total benefits awarded exceeded the average weekly wage.
Petitioner makes the point that his average weekly wage is $225.90, his corresponding workmen's compensation rate is $42.00 per week, and his entitlement to pension benefits is $39.68 per week. It is patently obvious from these figures that his average weekly wage far exceeds the total benefits received from his employer. The compensation award, therefore, should not have been reversed in part on this basis under these circumstances.
Accordingly, the petition for writ of certiorari is granted, the order of the Industrial Relations Commission is quashed, and the cause remanded with instructions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.