420 So.2d 897 (1982)
DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, DIVISION OF RISK MANAGEMENT and State of Florida, Appellants,
v.
Evelyn McBride, Appellee.
No. AH-157.
District Court of Appeal of Florida, First District.
October 14, 1982.
Rehearing Granted November 9, 1982.
Patrick J. Malone, of Brennan, McAliley, Hayskar, McAliley & Jefferson, West Palm Beach, for appellants.
Harry Goodmark, of Goodmark & Goodmark, West Palm Beach, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order contending, among other issues, that the deputy erred in denying an offset against compensation for pension benefits which claimant is receiving. We conclude that the deputy did not err and we affirm the order appealed.
In Hoagey v. Jewel T. Co. Inc., 235 So.2d 289 (Fla. 1970), the Florida Supreme Court ruled that a claimant is entitled to full workers' compensation benefits in addition to any benefits under an insurance plan to which the claimant contributed. The court reasoned that a contrary holding would violate § 440.21, Florida Statutes, which provides that:
No agreement by an employee ... to contribute to a benefit fund ... for the purpose of providing compensation ... as required by this Chapter shall be valid... .
Subsequently, in Brown v. S.S. Kressge Co. Inc., 305 So.2d 191 (Fla. 1975), the court determined that monies received by a claimant from a non-contributory insurance plan should be credited against workers' compensation benefits only to the extent that the combined monies exceed a claimant's average weekly wage. The rulings in Hoagey and Brown effectively synthesize the interplay between § 440.21 and § 440.20(15), which provides that:
When an employee is injured and the employer pays his full wages or any part thereof during the period of disability ... the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded ... provided the employer furnishes satisfactory proof to the judge of such payment....
Thereafter, in Domutz v. Southern Bell Telephone & Telegraph Co., 339 So.2d 636 *898 (Fla. 1976), the court reaffirmed its position and stated that in Brown "the decisive factor was ... whether the combination of benefits from the employer exceeded the claimant's average weekly wage." In the Domutz case the court ruled that no offset would be allowed for pension benefits where the combined pension and compensation monies did not exceed a claimant's average weekly wage; the court expressly noted that it was not determining whether an offset should be allowed for pension (as opposed to insurance) benefits when the combined monies do exceed a claimant's average weekly wage.
Likewise, in the present case we do not consider whether the § 440.20(15) offset applies upon the payment of pension benefits. The record in this case establishes neither whether the pension plan is contributory or noncontributory, nor the amount of any employee contribution which might have been made. Proving entitlement to an offset is the burden of the party seeking such offset; employer/carrier has failed to carry its burden in this case, and the deputy did not err in denying the claimed offset.
The order appealed is affirmed.
BOOTH and WIGGINTON, JJ., concur.