509 So.2d 1270 (1987)
GENERAL TELEPHONE CO. OF FLORIDA and Kemper Insurance Group, Appellants,
v.
Michael WILLCOX, Appellee.
No. BO-104.
District Court of Appeal of Florida, First District.
July 10, 1987.
*1271 Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellants.
Peter N. Meros of Meros & Smith, St. Petersburg, for appellee.
JOANOS, Judge.
In this workers' compensation appeal, appellants challenge the deputy commissioner's finding of compensability and failure to credit appellants with sick pay provided to claimant. Appellants present two issues for our review: 1) whether the deputy commissioner's finding of compensability is supported by competent substantial evidence, and 2) whether the deputy erred by finding that he was without jurisdiction to rule on appellants' claim of credit for sick pay benefits paid to claimant. We affirm the deputy's finding of compensability. However, we reverse the deputy's finding that he was without jurisdiction to rule on appellants' claim to credit for sick pay, and remand so that an evidentiary hearing may be held to assess the merits of this claim.
Claimant is a 39 year old male with a high school education who worked as a telephone repair and maintenance man. He sustained an injury to his left shoulder on July 2, 1985, while working on a ladder during the scope of his employment with appellants (GenTel). Claimant denied having any left shoulder difficulty before the accident. After the injury, claimant continued to work for a week to ten days when he noticed the development of a lump in his left shoulder. He was referred twice by a GenTel nurse to Dr. Burkhart, who placed him on limited activity. Claimant attempted to resume full duty but due to recurring pain, he was referred to an orthopedist, Dr. Slomka, on August 23, 1985. Dr. Slomka diagnosed claimant's injury as tendonitis and put claimant back on light duty for a couple of weeks. Dr. Slomka released claimant to full duty on September 6, 1985. Claimant returned to his regular duties which included climbing, lifting, and digging but continued to have pain flareups. However, he worked overtime and made no contact with any medical personnel from August 23, 1985 to October 8, 1985.
On September 6, 1985, before claimant was returned to full duty, GenTel's nurse examined claimant and saw no reason to keep him from working. She sent him *1272 back to work and told him to return if he had any problems. Claimant's supervisor, Mary Taylor, reported that after his return to full duty on September 6, 1985, claimant did not complain to her of pain or request to see a doctor. On the weekend of October 5-6, 1985, claimant and his friends installed a fence in his yard. GenTel's nurse told claimant that because of his involvement with the fence installation the company would no longer be liable for his work related injury. On October 9, 1985, claimant missed work, and due to the continuing pain in his shoulder, went to see Dr. Beamer, an unauthorized doctor. Dr. Beamer advised claimant to refrain from working until October 15, 1985. Dr. Beamer also referred claimant to Dr. Peck, an orthopedist. Claimant received a light duty slip from Dr. Peck who diagnosed a slight shoulder separation. On November 7th, 1985, GenTel's nurse received a temporary total medical note from Dr. Beamer. Claimant was referred to Dr. Kelly on November 12, 1985. Dr. Kelly performed surgery on claimant's left shoulder on December 2, 1985, and claimant was released to return to full duty on January 3, 1986. Claimant received no worker's compensation benefits while he was off work from October 8 to October 14, 1985, and from November 7, 1985 to January 2, 1986. He did receive sick pay at full wages for all but the last three weeks, when he received half pay. Also, for unrelated reasons, claimant terminated his employment with GenTel on February 22, 1986.
Claimant sought total temporary benefits from October 8 through October 14, 1985, and from November 7, 1985 through January 2, 1986, as well as payment of certain medical bills, penalties, interest, costs and fees. A hearing was held on March 14, 1986 in which GenTel argued that claimant suffered an intervening, non-work related, re-injury to his left shoulder while erecting a fence at home, and therefore all disability and medical costs thereafter were attributable to the new accident alone. A final order was issued on June 10, 1986, in which the Deputy found that no new accident had occurred. All benefits were awarded as requested. The employer/carrier was ordered to pay claimant temporary total disability benefits from October 8, 1985 through October 14, 1985 and from November 7, 1985 through January 2, 1986, with interest. In addition, Deputy Commissioner Willis found that he did not have jurisdiction to decide the issue of whether GenTel should be awarded credit for payment of claimant's sick pay.
We affirm the deputy's finding of compensability, for not only does the record include competent substantial evidence to support a finding that claimant suffered a compensable injury, but appellants' argument that claimant suffered an independent injury while constructing his fence at home is unsupported.
As to the second issue on appeal, this court has held previously that a deputy has jurisdiction to determine claimant's rights to benefits under the Compensation Act as being apart and in addition to an employee's group insurance benefits. Jewel Tea Co., Inc. v. Florida Industrial Commission, 235 So.2d 289, 291 (Fla. 1970) (Determination of claimant's rights to compensation under Chapter 440, Florida Statutes requires consideration of § 440.21 Florida Statutes[1] and is within the jurisdiction of the deputy commissioners.) See also Chancey v. Florida Public Utilities, 426 So.2d 1140 (Fla 1st DCA 1983), where this *1273 court held that the Florida Public Utilities could only charge claimant with sick leave time in proportion to the amount of benefits it paid to claimant, and where this court expressly held that the deputy had jurisdiction over this claim for the purpose of determining a proper compensation offset.
Also we find appellants' argument persuasive that if appellants are not allowed to present evidence in support of offset against workers' compensation owed on the basis of sick leave that appellants voluntarily paid to claimant, claimant may receive a windfall by receipt of a combination of benefits that exceed his average weekly wage. It is reasonable to conclude that workers' compensation benefits, when combined with sick leave benefits gratuitously paid for specific periods, shall not exceed claimant's average weekly wage. "The decisive factor here is whether the combination of benefits from the employer exceed claimant's average weekly wage." Brown v. S.S. Kresge Company Inc., 305 So.2d 191, 194 (Fla. 1974). See also Domutz v. Southern Bell Telephone and Telegraph Company, 339 So.2d 636 (Fla. 1976); Department of Highway Safety and Motor Vehicles, Division of Risk Management v. McBride, 420 So.2d 897 (Fla. 1st DCA 1982); Belle v. General Electric Company, 409 So.2d 182 (Fla. 1st DCA 1982).
Based on the above, we conclude we must reverse the deputy's ruling that he was without jurisdiction as to this issue. Therefore, we remand this case so that the deputy may hold an evidentiary hearing to review claimant's union contract sick leave arrangement, assess exactly how much claimant received in sick pay, and determine how much, if at all, appellants may be credited pursuant to Chancey, supra, for the sick leave payments claimant received. Hopefully such an evidentiary hearing will assist the deputy in resolving this issue and insure that the total benefits ultimately received by claimant do not exceed his average weekly wage and that he receive all that he is due, by limiting compensation offsets to amounts not charged against contract sick leave time.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] Section 440.21 Florida Statutes (1985) provides:

440.21 Invalid agreements; penalty. 
(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s.775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.