526 So.2d 965 (1988)
K-MART and KM Services, Appellants,
v.
Simone YOUNG, Appellee.
No. 87-1150.
District Court of Appeal of Florida, First District.
May 25, 1988.
*966 Lamar D. Oxford, of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
Bill McCabe, of Shepherd, McCabe & Cooley, and J. David Parrish, of Hurt & Parrish, P.A., Orlando, for appellee.
WIGGINTON, Judge.
The employer, K-Mart, appeals from the order of the deputy commissioner awarding claimant "temporary total disability or temporary partial disability" and denying K-Mart's claim to a "setoff." We affirm in part and reverse in part.
Claimant injured her right foot during the course and scope of her employment on November 8, 1984. She received treatment by two authorized physicians but claimed such treatment was unsatisfactory. Therefore, on her own initiative, claimant sought unauthorized treatment from Dr. Pascarella, a podiatrist.
Claimant also returned to work during this period of time but was having difficulty walking and suffered "desperate pain" in her foot. On June 5, 1986, she filed a claim for payment of medical care rendered by Dr. Pascarella. An order was entered on December 8, 1986, noting the testimony of the two authorized orthopedic surgeons that claimant had reached maximum medical improvement sometime in 1985. In the order, the deputy rejected Dr. Pascarella's and claimant's testimony and accepted the testimony of the authorized physicians that claimant was malingering and that there was no clinical substantiation for her complaints of foot pain. The deputy also noted the physicians' testimony that claimant could return to full-time work in 1985 with no limitation.
However, pursuant to a motion to set aside the order filed by claimant, the deputy entered an order on January 20, 1987, agreeing that the December 8 order was overly broad and overreaching, containing items not decided at the hearing, and instead simply stated that "[a]fter hearing testimony of the claimant as well as viewing films and testimony of the investigator I find that the claim for treatment under Dr. Pascarella and payment of his past incurred bills is denied."
Thereafter, on February 18, claimant elected to undergo surgery on her foot, *967 which surgery was unauthorized and was performed by Dr. Pascarella. On subsequent deposition, Dr. Pascarella testified that within a reasonable degree of podiatric probability the need for surgery was the result of the industrial accident. He further stated the surgery revealed a peripheral nerve that appeared abnormal and entrapped, as well as an abnormality of a sheath in the common tendons that flex and extend the toes. He testified that the nerve was entrapped as a result of claimant's accident and that the abnormality was repaired as much as possible, surgery having been performed on an outpatient basis.
Dr. Pascarella also testified that following surgery, claimant was unable to return to any type of work until on or about May 22, 1987. He maintained that claimant was absolutely temporarily and totally disabled until that date as a result of her accident.
On May 22, claimant was released to return to work with certain limitations. Accordingly, claimant returned to work in early June informing the employer of Dr. Pascarella's restrictions. She testified that she was put in a job outside those restrictions and that she worked for two days before returning to Dr. Pascarella and being advised by him not to return to work. Claimant was still off work at the time of the hearing.
Earlier, on March 23, 1987, claimant had filed a claim for compensation benefits seeking temporary total disability since February 17, 1987, as well as costs, interest, penalties, and attorney's fees. At the hearing subsequently held on July 2, Dr. Pascarella's deposition was introduced in which he testified that claimant had advised him she could not do her work. Dr. Pascarella opined that claimant was unable to meet her job requirements because of the combination of lifting, walking, and standing. He maintained claimant was not yet at maximum medical improvement from the surgery, although he did suggest that she was capable of performing part-time work within his restrictions, beginning with a 4-hour work day with no lifting and limited walking and standing.
Gloria Kuiper, of K-Mart's personnel department, testified at the hearing that claimant had been provided work within her restrictions. She also testified that the employer provided their employees with a disability insurance policy at no cost to the employees. She revealed that claimant had been receiving $97.49 per week since February 18, 1987, from the disability policy, which insurance ran for 26 weeks and required no previous contribution by claimant.
Following the hearing, the deputy commissioner entered his order specifically finding that claimant has been temporarily totally disabled or temporarily partially disabled since the date of surgery and ordered K-Mart to pay her temporary total or temporary partial disability benefits from February 18, 1987, and continuing as long as claimant is temporarily totally disabled or temporarily partially disabled. The deputy further found that claimant's receipt of disability payments from a group disability policy does not entitle K-Mart to any credit for those payments.
On appeal, K-Mart raises two points challenging the award of benefits and the denial of the credit. In regard to the benefits, the thrust of K-Mart's argument is that the deputy commissioner could not base his award of benefits on the testimony of an unauthorized physician, especially in light of the December 8, 1986, order disregarding Dr. Pascarella's testimony and accepting the testimony of the authorized physicians that the claimant had reach MMI in 1985 with no limitations. Claimant counters with the argument that the deputy is certainly entitled to rely on Dr. Pascarella's opinion, citing Spinelli v. Florida Department of Commerce, 490 So.2d 1294 (Fla. 1st DCA 1986), and that K-Mart improperly relies on the December 8 order, as that order was specifically vacated and set aside by the deputy's order of January 20, 1987.
We agree that the findings in the December 8 order were eclipsed by the deputy's findings in his most recent order, and we also agree that the deputy's reliance on Dr. Pascarella's testimony was proper and provided competent and substantial evidence to support the award of *968 benefits. Spinelli. However, we find that the deputy erred in awarding either temporary total disability or temporary partial disability benefits. As we noted in Sambo's Restaurant v. Horn, 381 So.2d 330 (Fla. 1st DCA 1980), the parties should not have been left "to speculate as to the meaning of the order." As was the case in Sambo's, the evidence in the instant record does not support a finding of temporary total disability beyond May 22, 1987. Although Dr. Pascarella opined that claimant could not return to the type of work that she had just recently left, she was nonetheless capable of some part-time employment. Accordingly, since claimant recovered the ability to work but had not yet reached maximum medical improvement, she would be entitled to temporary partial disability benefits but only as established by a conscientious work search or a medical excuse therefor. Ringling Brothers Barnum and Bailey Circus v. O'Blocki, 496 So.2d 947 (Fla. 1st DCA 1986). Accordingly, we reverse that portion of the order and remand the cause for clarification.
We also reverse the order insofar as it denies K-Mart a credit for certain amounts of the disability benefits paid to claimant independent from chapter 440. K-Mart properly relies on our opinion in General Telephone Co. of Florida v. Willcox, 509 So.2d 1270 (Fla. 1st DCA 1987), wherein it was specifically held that although the employer is not entitled to a credit per se, a claimant may not receive a windfall by receipt of a combination of benefits that exceeds his or her average weekly wage. See also Brown v. S.S. Kresge Company, Inc., 305 So.2d 191 (Fla. 1974). Accordingly, on remand, the deputy shall consider the evidence to assess the amount that the combination of benefits exceeds claimant's average weekly wage.
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.