CAWTHON, Senior Judge.
The City of Miami has appealed a workers’ compensation order awarding claimant, Charles Smith, pension offset benefits. On appeal, appellant contends: (1) the Judge of Compensation Claims did not have jurisdiction to award pension offset benefits; (2) competent substantial evidence does not support an award of pension offset benefits for the years 1975 and 1976; and (3) the Judge of Compensation Claims erred in finding that “should total benefits from the claimant’s workmens’ (sic) compensation entitlement and pension award exceed his average monthly wage, that the claimant is still entitled to maximum compensation benefits until such time as he is properly credited for $20,431.00 in personal accumulated contributions which were retained by the City and out of which, in part, his disability benefits were paid.”
We affirm the order of the Judge of Compensation Claims and strike the alternative finding. First, the Judge of Compensation Claims has jurisdiction to consider an award of additional compensation for a pension offset. See, Barragan v. City of Miami, 545 So.2d 252, 253 (Fla.1989); City of Miami v. Knight, 554 So.2d 549, 550 (Fla. 1st DCA 1989); rev. denied, 567 So.2d 434 (Fla.1990).
On the second issue, the testimony of claimant and the administrator for the City of Miami Firefighters and Police Officers Pension Trust, as well as pension fund documents, constitute competent substantial evidence supporting the judge’s finding that pension offsets were taken beginning July 25, 1975 and continuing until July 31, 1989. Based upon competent, substantial evidence supporting the order, we affirm the order and the award of pension offset benefits for the period specified in the order.
*543 The judge’s alternative finding is not supported by legal authority or competent substantial evidence. The Judge of Compensation Claims found that should total benefits from the workers’ compensation and pension awards exceed claimant’s average monthly wage, claimant is still entitled to maximum compensation benefits until he is credited for $20,431 in personal contributions. However, the judge cited no authority supporting an award exceeding claimant’s average monthly wage. The Supreme Court in Brown v. S.S. Kresge Company, Inc., 305 So.2d 191, 194 (Fla.1974), held that the combination of workers’ compensation benefits and sick leave or pension benefits should not exceed the employee’s average weekly wage. In Barragan, supra, the Court likewise held that the employer may not offset workers’ compensation payments against an employee’s pension benefits except to the extent that the total of the two exceeds the employee’s average monthly wage. Although this court in City of Pensacola and Travelers Ins. Co. v. Winchester, 560 So.2d 1273 (Fla. 1st DCA 1990), awarded pension benefits and workers’ compensation benefits exceeding the claimant’s average monthly wage, the court relied on a contractual agreement in the pension plan which expressly stated that a disabled pensioner is entitled to pension benefits in addition to workers’ compensation benefits. Here there is no indication that the pension plan specified that claimant was entitled to both full disability pension benefits and full workers’ compensation benefits. Accordingly there is no authority in the present case to remove the average monthly wage cap established in Barragan and earlier cases.
Accordingly, the order is affirmed and the alternative holding is stricken.
JOANOS, J., concurs.
ZEHMER, J., specially concurs with written opinion.