ZEHMER, Judge
(specially concurring).
I fully concur in the disposition of points one and two for the reasons stated in the opinion for the court. I also concur in the decision to strike the alternative finding of the appealed order, but I do so for reasons other than those stated in the court’s opinion. My understanding of the briefs and record is that the approximately $20,000 of •contributions made by claimant to the pension fund were used to cover the cost of continuing the payment of pension benefits to claimant’s wife after his death. This use of these contributions precludes any application thereof as a means of securing payment of withheld or offset workers’ compensation benefits due to the claimant. I do not entirely agree with the analysis in the court’s opinion in its disposition of this issue, and I conclude that it is unnecessary to dispose of this issue upon principles that can operate, in certain circumstances, to either limit or not limit offsets in excess of a claimant’s average weekly wage, as discussed in the cited cases of Barragan v. City of Miami, 545 So.2d 252 (Fla.1989); Brown v. S.S. Kresge Co., 305 So.2d 191, 194 (Fla.1974); City of Pensacola v. Winchester, 560 So.2d 1273 (Fla. 1st DCA 1990). I would simply strike the subject provision, because the contributions were used to acquire additional benefits under the pension plan that are wholly unrelated to the workers’ compensation offset dispute.