PER CURIAM.
In this worker’s compensation case, appellant City of Miami appeals the order of the judge of compensation claims (JCC) finding, pursuant to Florida Workers’ Compensation Rule of Procedure 4.161(c), that the City abandoned any challenge to compensation benefits from January 1, 1977 through July 31, 1989. We reverse.
Rule 4.161(c) states:
Abandonment. Any challenge to benefits certified as affected by appeal under Rule 4.160(a) of these rules, but not raised, argued or encompassed in appellant’s (or cross-appellant’s) initial brief, shall be deemed abandoned by the appellant (or cross-appellant).
The JCC’s ruling on the question of abandonment relates to the prior pension offset dispute between the parties ruled upon by this court in City of Miami v. Smith, 602 So.2d 542 (Fla. 1st DCA 1992) (on motion for rehearing and/or clarification). In that case, the order from which the City took an appeal stated that should the total of claimant’s workers’ compensation and pension benefits exceed his average monthly wage, claimant is nonetheless entitled to maximum compensation benefits until such time as he is properly credited for $20,431.00 in personal accumulated contributions which were retained by the City and out of which, in part, his disability benefits were paid. In its initial brief on appeal the City prayed “that claimant be reimbursed for the pension offset taken for the period commencing in 1977 through July 31, 1989, and omit any finding or award related to the $20,431.00” (emphasis added). In our *530 view, appellant clearly raised as an issue the propriety of the potential award of $20,431.00 even as it pertains to the specified time period. Moreover, even if one were to conclude that the City’s request for relief was ambiguous, we would still find that claimant did in fact challenge the propriety of the potential award of $20,431.00 to the extent that such award may exceed claimant’s average monthly wage within the specified time frame. We reach this conclusion because Rule 4.160(a) must be construed broadly in order that abandonment be found only in the most obvious of circumstances. To hold otherwise would be to invite the JCC to rule on matters which may be within the jurisdiction of this court following notice of appeal.
REVERSED.
BOOTH, SHIVERS and MINER, JJ., concur.