SMITH, Senior Judge.
The claimant, Thomas Grice, appeals a workers’ compensation order in which the *1209 judge of compensation claims (JCC) ruled that the employer, Escambia County Sheriffs Department, appellee, was entitled to offset the claimant’s workers’ compensation benefits by the amount the claimant’s combined social security, workers’ compensation and state disability retirement benefits exceeded the claimant’s average weekly wage. We reverse.
The claimant, a disabled deputy sheriff, was injured on January 28, 1985 while employed by the Escambia County Sheriffs Department, a self-insured and self-administered employer for workers’ compensation purposes. The claimant was accepted as permanently totally disabled thereafter and began receiving permanent total disability (PTD) benefits. In addition, the claimant received social security disability benefits, and state disability retirement benefits under the Florida Retirement System. Claimant’s average weekly wage was determined to be $583.88, yielding a compensation rate of $392 per week. His social security benefit payment amounted to $163.85, and he received state disability retirement benefits in the amount of $208.75 per week.
On June 14, 1993, the county notified the claimant that it was offsetting his PTD benefits based upon the amount that his combined workers’ compensation, state pension, and social security benefits exceeded his average weekly wage. The claimant filed a claim disputing the county’s right to take the offset and sought repayment of the benefits withheld plus his fees, costs, interest and penalties.
After a hearing, the JCC issued an order denying the claim and allowing the county to “continue workers’ compensation offsets to the extent that both social security benefits and pension benefits combined to exceed claimant’s pre-injury average weekly wage.” In his order the JCC noted that under established case law it was clear that the combination of claimant’s workers’ compensation benefits and his employer-funded pension benefits could not exceed claimant’s average weekly wage; and that it was equally clear that a statutory offset with respect to social security benefits was provided by Section 440.15(9)(a), Florida Statutes. The JCC acknowledged, however, that there was no statutory or case law for guidance on the issue of whether the employer could combine all three benefits so as to compute an offset based upon the claimant’s average weekly wage. Finally concluding that such combining or “stacking” was permissible, the JCC’s order stated:
There are no cases on point dealing with a three-way combination of benefits. In this particular case, if either of the two benefits, i.e., social security or pension, were involved and those benefits were more generous, the employer would clearly be allowed to take an offset against compensation based on one or the other. For this reason, it appears that the employer should be allowed to “stack” both benefits to take an offset, provided it does not exceed the claimant’s pre-injury AWW. Had the pension benefits been substantially funded by the employee, one is compelled to conclude there would be a different result.
We begin our discussion by observing that Section 440.21, Florida Statutes, precludes any offset for sick leave, group insurance disability, pension or other like benefits, whether paid or furnished in whole or in part by the employer, or contributed to by the employee, so long as the combination of such benefits and the workers’ compensation benefits payable does not exceed the employee’s average weekly wage. Barragan v. City of Miami, 545 So.2d 252 (Fla.1989) (city pension); Brown v. S.S. Kresge Co., Inc., 305 So.2d 191 (Fla.1974) (sick leave insurance paid by employer); Domutz v. Southern Bell Telephone & Telegraph Co., 339 So.2d 636 (Fla.1976) (pension); City of Miami v. Smith, 602 So.2d 542 (Fla. 1st DCA 1991) (city pension); K-Mart v. Young, 526 So.2d 965 (Fla. 1st DCA 1988) (disability insurance furnished by employer).
All parties substantially agree to the foregoing. They disagree, however, on the em *1210 ployer’s right to an offset when the combination of benefits does exceed the employee’s average weekly wage.
The claimant argues that although the court in Barragan, supra, allowed the City to reduce disability pension benefits to the extent such benefits combined with the employees’s workers’ compensation benefits exceeded the employee’s average weekly wage, the court did so because of a pension provision created by ordinance of the City which specifically provided for an offset. By contrast, appellant urges, the Florida State Retirement System pension plan contains no offset provision. The claimant also argues that this ease is similar to City of Pensacola v. Winchester, 560 So.2d 1273 (Fla. 1st DCA 1990), in which this court held that an employee was entitled to both in-line-of-duty disability benefits and workers’ compensation benefits. We find these arguments to be unavailing.
As for the claimant’s interpretation of the Barragan decision, we do not agree that the existence of the offset provision was the basis for the court’s allowance of an offset of the amount by which the combined pension and workers’ compensation benefits exceeded the average weekly wage.[1] The Brown case, cited by the Barragan court, allowed an offset for amounts exceeding average weekly wage in the case of an employee receiving sick leave through group insurance paid by the employer, in the absence of any offset provision in the policy. This court, in K-Mart v. Young, 526 So.2d 965 (Fla. 1st DCA 1988), allowed an offset, in the absence of any contraetual provision calling for it, where the workers’ compensation benefits combined with benefits from a disability insurance policy paid for by the employer exceeded the employee’s average weekly wage. Thus, as indicated by these and other decisions, the critical factor is not the existence of a contractual provision for offset, but whether the combination of benefits famished by the employer, together with workers’ compensation benefits, exceeded the employee’s average weekly wage.
As for the claimant’s contention that this case is similar to City of Pensacola, supra, again we disagree. That case is unique in that, unlike the case before us, the City’s pension plan expressly provided that the employee was entitled to full pension benefits in addition to any workers’ compensation benefits payable to him. Id. at 1274.
Appellant does, however, make additional arguments which we find more persuasive. As appellant points out, Section 440.15(9), Florida Statutes, allows an offset for social security benefits to the extent that the employee’s combined social security and workers’ compensation payments exceed 80% of the employee’s average weekly wage. However, as appellant urges, this offset is controlled by federal law which provides that the offset shall not exceed that which the Social Security Administration would be entitled to take under 42 U.S.C. § 42(a). The E/SA have cited no federal statutes authorizing any offset of workers’ compensation based upon an employee’s receipt of Florida state disability retirement benefits.[2] Fur *1211 thermore, all parties, as well as the JCC, have asserted that there is no statutory or case law specifically addressing the issue of whether there is any entitlement to an offset when the combined benefits payable to the employee by “stacking” his workers’ compensation, pension, and social security payments exceed his average weekly wage.
The E/SA, and amicus, on the other hand, urge that the combining of all benefits is mandated for the purpose of computing the right to an offset. They refer to Brown, Domutz and Barragan, supra, as well as other cases, for the proposition that the limit of compensation from whatever employer source is the employee’s average weekly wage.[3] Thus, they argue, since social security is funded substantially by the employer, it should be considered as an employer source for purposes of determining the maximum benefits allowable to the employee from all combined sources.
We are of the view that social security benefits cannot be regarded as simply another “employer provided” source of benefits. While it is true that the employer pays substantially for these benefits, so also does the employee. It appears just as logical, therefore, to regard social security as a benefit to which the claimant has contributed and to disallow any offset based upon the receipt of social security, except as specifically authorized by Section 440.15(9)(a), Florida Statutes. In Jewel Tea v. Florida Industrial Commission, 235 So.2d 289 (Fla.1969), the court held that the employer cannot deduct from workers’ compensation benefits amounts received by the claimant from an insurance policy to which the claimant has contributed. In Department of Highway Safety v. McBride, 420 So.2d 897 (Fla. 1st DCA 1982), this court affirmed the ruling of the JCC denying an offset against compensation for pension benefits the claimant was receiving based upon the failure of the E/C to establish by evidence whether or not the pension plan was contributed to by the employee. As the JCC in the ease before us noted in his order, if a pension plan has been substantially funded by the employee, benefits payable from the plan could not be considered in determining whether the employee’s combined benefits exceeded his average weekly wage.
It appears to us that the ruling on appeal ignores the fact that the legislature has limited the social security offset to that allowable under the Social Security Act. The E/SA has cited no statutory provision, either federal or state, which authorizes the aggregation of social security benefits together with state retirement disability benefits for purposes of computing an offset against workers’ compensation benefits. The burden is upon the E/SA to establish the right to an offset. Dept. of Highway Safety, etc. v. McBride, 420 So.2d 897 (Fla. 1st DCA 1982). Under a strict interpretation of the statutory framework, it appears to us that since the legislature provided for a social security offset against workers’ compensation benefits, but did not include an offset based upon the receipt of state disability retirement pension benefits, it must be presumed that the legislature did not intend to allow such an offset. In this case, the pension plan contains no offset provision, and the state retirement system has not sought an offset. We therefore conclude that the combining of the three benefits for the purpose of allowing an offset is improper.
We have determined that the question presented here is one proper for certification to the Florida Supreme Court as a question of great public importance. Accordingly, we certify the following question:
WHEN AN EMPLOYEE RECEIVES WORKERS’ COMPENSATION, STATE DISABILITY RETIREMENT, AND SO *1212 CIAL SECURITY DISABILITY BENEFITS, IS THE EMPLOYER ENTITLED TO OFFSET AMOUNTS PAID TO THE EMPLOYEE FOR STATE DISABILITY RETIREMENT AND SOCIAL SECURITY DISABILITY AGAINST WORKERS’ COMPENSATION BENEFITS TO THE EXTENT THAT THE COMBINED TOTAL OF ALL BENEFITS EXCEEDS THE EMPLOYEE’S AVERAGE WEEKLY WAGE?
The order on appeal is REVERSED, and the question above is certified.
BARFIELD and ALLEN, JJ., concur.

. A footnote in one of our prior decisions expressed some doubt as to the statutory authority for the offset allowed in Barragan. See, City of Miami v. Bell, 606 So.2d 1183, 1192, n. 7 (Fla. 1st DCA 1992). Other decisions of this court have addressed this issue. In Belle v. General Electnc Company, 409 So.2d 182, 184, n. 1 (Fla. 1st DCA 1982), the court stated:
Section 440.20(15), Florida Statutes (1979), is a substantial codification of former industrial relations commission rule 9, referred to in Brown, 305 So.2d at 193.
See also, Dept. of Highway Safety, etc. v. McBride, 420 So.2d 897 (Fla. 1st DCA 1982), "[t]he rulings in Hoagey [Jewel Tea] and Brown effectively synthesize the interplay between § 440.21 and § 440.10(15) [F.S.]...." Section 440.20(15), which incorporates former rule 9 mentioned in Brown, was enacted into law in 1977 as section 440.20(13), later renumbered to § 440.20(15), and by amendment in 1994, Chapter 93-415, Section 26, Laws of Florida, was again renumbered as section 440.20(14).

. The brief of the State of Florida, Department of Insurance, Division of Risk Management, appearing in this cause as amicus curiae, makes no reference to any federal statutory or case law supporting the inclusion of state disability retirement benefits in calculating the social security *1211 offset provided by Section 440.15(9), Florida Statutes.

. See Brown, 305 So.2d at 194: “[W]hen an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled.”; and Barragan, 545 So.2d at 252: "However, the total benefits from all sources cannot exceed the employee's average weekly wage.”