668 So.2d 219 (1996)
CAPE CANAVERAL HOSPITAL, INC. and Sedgwick, Inc., Appellants,
v.
Sandra NICKELL, Appellee.
No. 95-856.
District Court of Appeal of Florida, First District.
January 30, 1996.
Rehearing Denied March 7, 1996.
*220 Herbert A. Langston, Jr. and Julia M. Pinnell of Langston, Hess & Bolton, P.A., Maitland, for appellants.
Gray M. Camfield of Alpizar & Gray, P.A., Palm Bay; and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
KAHN, Judge.
In this workers' compensation appeal, the issues raised by appellant concerning whether appellee suffered an injury by accident and whether the judge of compensation claims (JCC) properly awarded periods of temporary total disability benefits and temporary partial disability benefits are factual matters. The JCC sits as the finder of fact where the testimony is conflicting, and this court will not reweigh the evidence so long as the JCC's findings are supported by competent substantial evidence. Accordingly, we have no alternative but to affirm the judge's finding of an injury and the award of benefits. The JCC's refusal to apply an offset for certain disability insurance benefits paid to appellee, however, presents a legal error that we are empowered to correct.
Appellee Sandra Nickell injured herself at work on July 22, 1993, one day before her resignation was to take effect. As an employee benefit, she had a disability insurance policy with Paul Revere Life Insurance Company (Paul Revere). The employer paid premiums to Paul Revere until May of 1993, one month before appellee's resignation. This premium covered the period until the next premium payment was due in November 1993. Although Nickell was able to keep the disability policy, she had no further obligation to pay premiums. The policy provided for a waiver of premium when a disability had continued for 90 days. The first 90 days of disability are excluded from coverage by the terms of the policy. Paul Revere eventually began paying disability benefits under its policy and established a commencement date retroactive to October 20, 1993, 90 days after the injury. Nickell testified she mailed in the premium for November 1993; however, the insurance company returned the payment because of the waiver of premium provision. Under these facts, we conclude that the term of Nickell's disability under the insurance policy began during the period for which the employer had paid premiums.
In Brown v. S.S. Kresge Co., Inc., 305 So.2d 191, 194 (Fla.1974), the supreme court held:
[I]t is reasonable to conclude that workman's compensation benefits when combined with sick leave insurance benefits provided by employer should not exceed claimant's average weekly wage because under a logical interpretation of the I.R.C. Rule 9 when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled.
The court reiterated this general principle in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). The rule fashioned in Barragan provides that "the employer may not offset workers' compensation payments against an employee's pension benefits except to the extent that the total of the two exceeds the employee's average monthly wage." Id. at 255. The parties to the present case agree that when the benefit is provided by the employer it may be offset. Nickell contends, and the JCC found, that Brown and Barragan *221 are not applicable because Nickell did not actually file her claim for disability benefits until January 20, 1994, at which time she had become solely responsible for payment of the insurance premiums. This analysis is incorrect. Nickell's disability commenced in July of 1993, at a time when she was covered due to the employer's payment of the premium. The 90-day waiting period provided by the disability policy expired prior to the date Nickell would have had to make her first personal premium payment. Accordingly, the premium that would have been due in November 1993 was waived by the insurance company, and the disability policy remained in effect without further cost to Nickell.
Nickell relies upon City of Pensacola v. Winchester, 560 So.2d 1273 (Fla. 1st DCA), rev. denied, 574 So.2d 140 (Fla.1990). In that case claimant's employment contract entitled him to receipt of his full disability benefits in addition to any workers' compensation benefits. Nickell argues that her Paul Revere policy has no provision of any sort for offset for receipt of workers' compensation benefits. In Grice v. Escambia County Sheriff's Department, 658 So.2d 1208 (Fla. 1st DCA 1995), this court noted that other cases have allowed an offset for the amount by which the combined pension and workers' compensation benefits exceeded average weekly wage in the absence of any offset provision in the policy. Id. at 1210. "Thus... the critical factor is not the existence of a contractual provision for offset, but whether the combination of benefits furnished by the employer, together with workers' compensation benefits, exceeded the employee's average weekly wage." Id. Grice, rather than Winchester, controls the offset question in the present case. Because the employer paid the premium, and because no contractual employment provision allows Nickell to receive full disability insurance benefits in addition to any workers' compensation benefits, appellee is entitled to an offset or credit pursuant to Barragan.
AFFIRMED in part, REVERSED in part.
ARFIELD and SHIVERS, JJ., concur.