VAN NORTWICK, Judge,
dissenting.
I respectfully dissent.
In the instant case, there was conflicting evidence in the record on the issue of causation. Further, if I had been sitting as fact finder below, I may have reached a different result than the JCC here. Nevertheless, “[t]he JCC sits as the finder of fact where the testimony is conflicting, and this court will not reweigh the evidence so long as the JCC’s findings are supported by competent substantial evidence.” Cape Canaveral Hosp., Inc. v. Nickell, 668 So.2d 219, 220 (Fla. 1st DCA 1996).
Although Dr. Miller’s testimony was to some extent confusing and even internally conflicting, I believe that his testimony does constitute competent, substantial evidence that “the industrial accident ... was a precipitating or accelerating cause ... [or] an element in the causal chain” of the claimant’s psychiatric condition. Anderson v. Wales Indus., 688 So.2d 379, 381 (Fla. 1st DCA 1997). Thus, the record contains competent, substantial evidence to support the JCC’s findings that the claimant’s psychiatric condition was causally connected to his industrial accident. Accordingly, I would affirm.