426 So.2d 1140 (1983)
Marion CHANCEY, Appellant,
v.
FLORIDA PUBLIC UTILITIES and the Hartford, Appellees.
No. AM-42.
District Court of Appeal of Florida, First District.
February 8, 1983.
Richard J. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Charles Desmond Crowley, Fort Lauderdale, for appellees.
MILLS, Judge.
Chancey appeals the final order of the deputy commissioner denying his claim for temporary total disability (TTD) benefits. We reverse.
Chancey suffered a compensable injury on 29 January 1980. There were several *1141 periods of TTD, during which he received his full wages rather than two-thirds of his average weekly wages as required under Section 440.15(2), Florida Statutes (1979). The additional one-third of his wages was paid by Florida Public Utilities pursuant to a provision in Chancey's contract of employment.
Because Chancey was being paid 100 percent of his wages, Florida Public Utilities reduced his accumulated sick leave time at a rate of eight hours per day for each day he was out of work rather than in proportion to the additional one-third of Chancey's wages that were being paid. A proportionate reduction would have resulted in a two and two-thirds hour per day reduction instead of an eight hour per day reduction.
All of Chancey's accumulated sick leave time was exhausted by 18 April 1982. After that date, he received only the two-thirds of his wages due as TTD benefits.
After a hearing, the deputy commissioner concluded that Chancey was seeking restoration of his sick leave time and that he did not have jurisdiction to hear this claim. He also concluded that "[t]he claimant has failed to establish that the contractual agreement between the Union and Florida Public Utilities represents a scheme through which the employee was compelled to contribute to his workers' compensation premium." Presumably, this was a finding that the procedures used in this case did not violate Section 440.21, Florida Statutes (1979).
We hold that Florida Public Utilities should be allowed to charge Chancey with sick leave time only in proportion to the amount of benefits it paid to Chancey. Otherwise, it is clear that Florida Public Utilities would be allowed an impermissible setoff against the other five and one-third hours per day in sick leave benefits which Chancey had already earned by reason of his past service. Brown v. S.S. Kresge Co., Inc., 305 So.2d 191 (Fla. 1975).
We further hold that the deputy commissioner had jurisdiction of this claim. Jewel Tea Co., Inc. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1970).
The order is reversed and the cause remanded to the deputy commissioner for further proceedings consistent with this opinion. Chancey's motion for attorney's fees is provisionally granted in the amount of $2,000 contingent upon a finding of bad faith by the deputy commissioner.
ERVIN and LARRY G. SMITH, JJ., concur.