WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s denial of her claim for payment of a chiropractor’s bill and for reinstatement of administrative or sick leave time, as well as his finding that she reached maximum medical improvement on March 10, 1980. We affirm in part and reverse and remand in part.
Appellant injured her hand in a work-related accident on January 26, 1977. She was treated by several authorized doctors, including a neurosurgeon, Dr. Dickens. None of the authorized doctors were able to make any objective findings in regard to *1295 the etiology of appellant’s hand pain. Even in the absence of any diagnosis, Dr. Dickens gave appellant a 7 percent permanent impairment rating based on her subjective complaints and found that she reached maximum medical improvement on March 10, 1980. He felt that her pain would subside in time and did not recommend surgery.
Appellant continued to work following her accident but missed many hours of work during the succeeding years due to constant hand pain and consequent doctors’ appointments. Rule 22A-8.12(l)(a), Florida Administrative Code, provides that an employee who sustains a job-connected disability that is compensable under the Workers’ Compensation Law is entitled to a maximum of forty work hours intermittent leave without being required to use accrued leave credit. Appellant’s supervisor approved greatly in excess of forty hours administrative workers’ compensation leave for appellant intermittently for her various absences from work due to her hand condition and doctors’ visits until April 5, 1983. At that time, the State adjusted appellant’s leave to allow her only forty hours paid workers’ compensation administrative leave pursuant to the above rule and retroactively deducted the rest of her absentee time from her accumulated sick and annual leave. Consequently, the State paid her no workers’ compensation temporary disability benefits for time missed from work due to her injury.
In August 1978, while at least an orthopedic surgeon and a hand specialist were still authorized to treat her, appellant, on her own initiative, began to receive treatment from Dr. Woeltzen, a chiropractor. According to her testimony, she informed her supervisor that the other treating physicians were not helping her in any way and requested that she be allowed to see Dr. Woeltzen. However, she stated that her supervisor, Jean Jackson, told her to “go ahead, but make sure you bring me the slip that you see him.” Ms. Jackson admitted that she knew of appellant’s hand injury and also knew that appellant was being treated by Dr. Woeltzen. However, she denied ever authorizing him and explained that she did not have authority to authorize physicians that are not on her authorized treating list. Another of appellant’s supervisors, Joseph McGlaughlin, also testified that he never authorized Dr. Woeltzen for appellant although he was aware that she was being treated by him. Dr. Woeltzen testified that he did not seek authorization for the treatment of appellant and he knew that the State was not aware that he was treating appellant. He also did not file any reports as required by section 440.13, Florida Statutes. Nevertheless, some of the workers’ compensation administrative leave time approved by appellant’s supervisors was for visits to Dr. Woeltzen.
Dr. Woeltzen immobilized appellant’s hand, using a splint. Appellant testified that his treatment provided her the only relief she had received at that point although she continued to suffer constant hand pain. Dr. Woeltzen was of the opinion that appellant reached maximum medical improvement on April 29, 1980, with a 30 percent permanent impairment of her hand.
On October 26, 1982, appellant saw another authorized orthopedic surgeon, Dr. Richards, who, upon x-raying her hand, found a free floating bone fragment which he felt could produce the symptoms of which she was complaining. He was of the opinion that her reduction of symptoms upon the immobilizing of her wrist with a splint by Dr. Woeltzen was compatible with her condition. He performed surgery on her hand and removed the bone fragment. After a period of disability, he released her on April 19, 1983, as having made a “good recovery” with a 7 percent permanent impairment of the right hand. Appellant felt that the surgery was very successful and has found that her pain is now greatly reduced.
Although none of his reports in the record indicate an established date of maximum medical improvement, obviously Dr. Richards did not feel that appellant had reached maximum medical improvement until at least sometime in 1983. In making his finding of the date of maximum medical *1296 improvement in accordance with Dr. Dickens’ opinion, the deputy commissioner did not mention the obvious conflicting opinion of Dr. Richards and did not fully explain his reasoning for relying upon the testimony of Dr. Dickens in this regard. This lack of elucidation leaves us with an especially confusing result since Dr. Dickens made no diagnosis in regard to appellant’s condition and provided her no relief.
Under appropriate circumstances, such as a return to a temporary disability status following attainment of initial maximum medical improvement, a claimant may be determined to have reached maximum medical improvement on successive dates. However, in the instant case, in our view, without further elaboration by the deputy commissioner, it is unclear from the record that competent substantial evidence supports the finding of maximum medical improvement on March 10, 1980, since the record shows that appellant achieved no improvement in her condition until sometime in 1983. Therefore, we remand to the deputy commissioner for reconsideration of his finding of maximum medical improvement and for a more explicit explanation of his reasoning in making his determination on that point.
Appellant has also challenged the deputy commissioner’s refusal to reinstate the leave and sick time which the State deducted to cover the hours she had missed in excess of the forty administrative hours allowed by rule 22A-8.12(1)(a). In her argument on this point, she asserts that if her leave and sick time is to be deducted, she should be granted temporary disability benefits for the hours, in excess of forty, missed from work due to her injury. The deputy commissioner based his denial of temporary disability benefits after March 10, 1980, “due in part to the fact that this time was incurred as the result of seeing an unauthorized physician [Dr. Woeltzen], and further, that upon reaching maximum medical improvement she would not be entitled to enter any further periods of temporary benefits.” Since we are remanding to the deputy commissioner to reconsider appellant’s maximum medical improvement date, we also remand for reconsideration of her entitlement to temporary disability benefits during the period in question. We note that temporary disability benefits, if otherwise appropriate, may be awarded even if a claimant is seeing an unauthorized physician during a time of temporary disability since section 440.15(4) does not limit payment of temporary disability benefits to time lost from work for seeing only an authorized physician.
We decline to rule on the issue of her claim for reinstatement of her vacation and sick time since we find that matter was beyond the jurisdiction of the deputy commissioner and would be more properly resolved in an administrative proceeding as prescribed by chapter 120, Florida Statutes.
The deputy commissioner further accepted the testimony of Ms. Jackson over that of appellant in regard to whether appellant sought authorization of Dr. Woelt-zen and consequently denied her claim for payment of his bills. Appellant concedes on appeal that Dr. Woeltzen was not authorized and that he did not file the medical reports required by section 440.13. Appellant asserts, however, that the fact that the State initially approved workers’ compensation administrative leave time for her visits to Dr. Woeltzen should estop the State from challenging his authorization at this point. We reject that estoppel argument and decline to hold that the granting of workers’ compensation administrative leave time, pursuant to rule 22A-8.12(l)(a), necessarily amounts to authorization of the particular doctor a claimant visits during that leave, especially in a situation such as is involved here in which the State had authorized and continued to authorize other doctors when requested and had informed appellant that Dr. Woeltzen was not authorized. Thus, we affirm the deputy commissioner’s finding that appellant is not entitled to payment of Dr. Woeltzen’s bill on the ground that Dr. Woeltzen was not properly authorized.
Affirmed in part and reversed and remanded in part for further proceedings consistent herewith.
SMITH and JOANOS, JJ., concur.