522 So.2d 45 (1988)
MARION CORRECTIONAL INSTITUTION, FLORIDA DEPARTMENT OF CORRECTIONS, Appellant,
v.
Robert KRIEGEL, Appellee.
No. 86-1476.
District Court of Appeal of Florida, Fifth District.
February 4, 1988.
Rehearing Denied March 14, 1988.
Ernest L. Reddick, Asst. Gen. Counsel, Dept. of Corrections, Tallahassee, for appellant.
Phil Trovillo, P.A., Ocala, for appellee.
PER CURIAM.
The employer/carrier (e/c), Marion Correctional Institution, appeals the circuit court's order granting appellee's motion to enforce his earlier entered workers' compensation order. The deputy commissioner (dc) in the workers' compensation claim had ordered the e/c to pay the appellee temporary *46 total disability benefits (TTD) and to reinstate the leave and sick time which the e/c had used as a substitute for workers' compensation benefits. The e/c argued before the circuit court that the dc lacked subject matter jurisdiction to reinstate leave benefits; therefore the workers' compensation order could not be enforced. We find that, although the issue of subject matter jurisdiction can be raised at any time, even in a proceeding to enforce a workers' compensation order, the dc acted within his jurisdiction and the circuit court's order enforcing the dc's ruling is affirmed.
The appellee, Robert Kriegel, was employed by Marion Correctional Institution on January 30, 1983, when he sustained a compensable industrial injury. On February 8, 1985, Kriegel again was injured and sought compensation, claiming that he had aggravated his 1983 injury. The e/c maintained that the second injury was not compensable, and refused to pay workers' compensation benefits. Kriegel, only able to work a total of 11 hours from February 8 through April 18, 1985, used all of his accrued sick, annual, and special compensatory leave to draw paychecks totaling $2959.75.
The dc subsequently determined that the injury of February 8, 1985 was an aggravation of the pre-existing January 30, 1983 injury, and ordered the e/c to pay the claimant TTD benefits from February 8 through July 10, 1985, and, in addition, to "reinstate the leave and sick time which it [had] used as a substitute for workers' compensation benefits from the date of February 8, 1985." The e/c paid the TTD benefits, but did not reinstate Kriegel's leave time.
Pursuant to Section 440.24(1), Florida Statutes,[1] Kriegel then filed a petition for rule nisi to enforce the compensation order, alleging that the e/c had failed to reinstate leave and sick time, as required by the order, which had never been appealed and therefore became final 30 days after its entry. The e/c, in opposing the petition, argued that the dc did not possess subject matter jurisdiction to reinstate the employee's leave and sick time, and, if the leave time were reinstated, the employee would receive both full pay as well as workers' compensation benefits for the same period, thereby obtaining a sum greater than his average weekly wage. The claimant's response was that the e/c's argument was not properly before the court in a proceeding on a rule nisi, because the circuit court has no jurisdiction except to determine whether the compensation order remains unsatisfied, and, if so, to enforce its provisions.
Initially, we agree with the claimant that generally a circuit court has no authority in a rule nisi proceeding under section 440.24(1) to consider the merits of the underlying compensation order, or to do anything other than require its enforcement when it remains in full force and effect and unsatisfied. Benne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969). It is also clearly the law that the defense of lack of jurisdiction of the subject matter may be raised at any time. Jurisdiction of a tribunal's subject matter cannot be conferred by consent, failure to object, or waiver. Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969). 20 Am.Jur.2d Courts § 95 (1965) states: "[A]n objection based on the ground of absence of jurisdiction over the subject matter must *47 be considered and may be effectively raised at any time. Hence, such an objection may be raised for the first time in the appellate court and may even be raised by way of collateral attack." The e/c, then, was not precluded in the proceeding below, nor on appeal, from raising the issue of lack of subject matter jurisdiction.
Although we recognize that the issue of subject matter jurisdiction was properly before the circuit court, we affirm the circuit court's order, finding that the earlier compensation order was properly entered, notwithstanding its consideration of claimant's leave time in its determination of claimant's entitlement to TTD benefits. While a dc cannot reinstate leave and sick time totally independent of an award of disability benefits, it is within the dc's jurisdiction to consider the amount of sick leave benefits, and to refuse to set off that amount against an award of disability benefits, if the sick leave benefits have been cancelled, or award payment of compensation benefits for the period in question until the credit has been made.
In so saying the above, we agree with the employer that workers' compensation benefits, when combined with sick leave benefits, should not exceed the claimant's average weekly wage, Brown v. S.S. Kresge Company, Inc., 305 So.2d 191 (Fla. 1974). Nonetheless, the payment of accrued sick and leave time is an independent contractual right that the claimant and the employer have agreed to as a condition of the claimant's employment. A claimant is entitled to full workers' compensation benefits, in addition to any benefits he has under a separate leave and sick time agreement. See Jewel Tea Company, Inc. v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969); Brown v. S.S. Kresge Company, Inc.; Belle v. General Electric Company, 409 So.2d 182 (Fla. 1st DCA 1982). The employer has no right to diminish his contractual obligation to pay sick and leave benefits, by refusing to reimburse the claimant the leave time expended, simply because a claimant suffers a compensable injury and has no recourse other than to exhaust his leave time while awaiting the determination of his workers' compensation claim.
In the instant case the dc ordered the payment of TTD benefits and the reinstatement of sick and leave benefits which had been used as a substitute for workers' compensation benefits. It was clearly within the dc's jurisdiction to order compensation benefits in an amount proportionate to the amount of sick and leave time already paid, so that the claimant's average weekly wage is not exceeded, while at the same time directing that credit be given the claimant for the leave benefits expended. While not specifically so stating in his order, we find that a reasonable interpretation of the dc's compensation order is that the dc intended that the claimant be credited for the leave benefits which he expended, and that TTD benefits be awarded to the extent that the combination of TTD and leave compensation does not exceed the claimant's average weekly wage. We therefore hold that the dc, and thus the circuit court reviewing the compensation award, possessed subject matter jurisdiction to order the reinstatement of the claimant's leave time. Finding no error in the order of the circuit court, we affirm.
AFFIRMED.
DAUKSCH, ORFINGER and COBB, JJ., concur.
NOTES
[1] Section 440.24(1), Florida Statutes, provides:

In the case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which he [sic] employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the deputy commissioner.