ERVIN, Judge.
Claimant, Robert Larke, appeals from a compensation order dismissing his claim *59 for restoration of sick leave and vacation time depleted in connection with his com-pensable heart attack on the basis of lack of subject matter jurisdiction. We affirm.
Claimant, a fire commander employed by the City of Fort Lauderdale (City), suffered a compensable heart attack. The City, which is self-insured, paid claimant all benefits owing to him under the Workers’ Compensation Law. In addition, claimant received monies from the City equal to one-third of his average weekly wage, with the result being that he received 100 percent of his wages. In order to pay this additional one-third sum, the City reduced claimant’s accrued vacation and sick leave by 24 and 18 days respectively. Claimant, contending that his contract provided that the additional one-third amount he paid from a special fund rather than from depletion of his accumulated sick leave and vacation time, sought reinstatement of the depleted time. When the City refused,[1] claimant filed a claim for benefits seeking restoration of the depleted time. Thereafter, the City filed a motion to dismiss, contending that the judge of compensation claims (JCC) lacked subject matter jurisdiction over the claim. The JCC agreed and entered an order dismissing the claim.
Section 440.25(1), Florida Statutes (1987), provides that the JCC “shall have full power and authority to hear and determine all questions presented in respect to ... [compensation and other benefit] claims.” Through this statute, the JCC is vested with limited quasi-judicial powers relating to the adjudication of claims for compensation and benefits under the Workers’ Compensation Law. His authority, however, may only be exercised in respect to such claims. Smith v. Piezo Technology & Professional Adm’rs, 427 So.2d 182, 184 (Fla.1983).
It is undisputed that claimant herein is not seeking any benefits owed to him under the Workers’ Compensation Law — all those benefits have been paid. The dispute in this case centers on the City’s right to deduct from claimant’s accrued vacation time and sick leave in order to pay him the additional one-third amount. This additional sum, although performing the same function as compensation and payable under the same general conditions, is not compensation. It is a private contractual right, and, as such, enforcement of the payment must follow the procedural lines for general contract. Thus, the proper forum is not the Division of Workers’ Compensation, but state court. See 4 Larson, The Law of Workmen’s Compensation § 97.53, at 18-122-23 (1989); Bair v. Blue Ribbon, Inc., 256 Iowa 660, 129 N.W.2d 85 (1964).
There are some instances in which a JCC may consider the issue of reinstatement of an employee’s sick leave and vacation time. For example, the JCC is not precluded from deciding such an issue if the employer uses sick leave, vacation time, or group insurance in lieu of compensation,[2] or if the employer has disproportionately deducted the sick leave and vacation time.[3] No such circumstances exist, however, in the instant case.
Because the claim filed herein does not involve a claim for compensation or other benefits under the Workers’ Compensation Law, but instead encompasses a private contractual dispute, the order dismissing the claim is affirmed. See also Rudolph v. Miami Dolphins, Ltd., 447 So.2d 284 (Fla. 1st DCA 1983) (JCC had no jurisdiction to enforce the provisions of an employment contract relating to compensation-like benefits, because the employer was exempt from complying with the workers’ compensation act), review denied, 453 So.2d 45 (Fla.1984); TRW, Inc. v. Betts, 407 So.2d *60 377 (Fla. 1st DCA 1981) (JCC was without jurisdiction to determine a group insurance carrier’s entitlement to an offset for benefits paid by it under the group insurance contract, because the issue involved the interpretation of the insurance policy), review denied, 417 So.2d 328 (Fla.1982).
AFFIRMED.
WIGGINTON, J., concurs.
WENTWORTH, J., concurring specially with written opinion.

. It is the City’s position that, because claimant's heart attack did not actually occur while he was working, the only means by which he could receive the additional one-third sum under his contract was to deplete his vacation and sick leave accumulations.

. See General Tel. Co. of Fla. v. Willcox, 509 So.2d 1270 (Fla. 1st DCA 1987); Marion Correctional Inst., Fla. Dep't of Corrections v. Kriegel, 522 So.2d 45 (Fla. 5th DCA) (enforcing compensation order directing reinstatement of leave and sick time), review denied, 531 So.2d 1354 (Fla.1988).

.See Chancey v. Florida Pub. Utils., 426 So.2d 1140 (Fla. 1st DCA 1983).