PER CURIAM.
The employer/carrier (E/C) appeal an order determining claimant’s average weekly wage (AWW) and awarding temporary benefits from May 1, 1989, until August 31, 1989. We find that there is competent, substantial evidence supporting the order appealed, which included the following in the calculation of claimant’s AWW: $30.00 per week for the use of a company vehicle; $19.66 per week vacation pay; $8.00 per *395 week for “starchips” received by claimant as part of an employer’s award program; and the value of any bonuses claimant received for the last quarter of 1988. We reject the E/C’s contention that claimant was not entitled to temporary benefits for the period claimed because the employer continued to pay the claimant’s salary for that period. The JCC found, correctly, that the money paid claimant was not “salary continuation in lieu of compensation,” but instead, was severance pay. Claimant was contractually entitled to the severance pay, amounting to one month’s salary for every year of service, upon termination of his employment. The right to receive this payment was not related to or dependent in any way upon the existence or nonexistence of a workers’ compensation claim at the time of termination.[1] The only requirement for receipt of the payment was claimant’s execution of a release of all claims (excepting workers’ compensation) against the company.
AFFIRMED.
BOOTH, SMITH and WIGGINTON, JJ., concur.

. Brown v. S.S. Kresge Company, Inc., 305 So.2d 191 (Fla.1975), cited by the E/C, is inapposite. More to the point is Marion Correctional Institution v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla.1988) (payment of accrued sick and leave time is independent contractual right agreed to as a condition of employment, and employer has no right to diminish his contractual obligation by refusing reimbursement of leave time expended by claimant while awaiting determination of his workers’ compensation claim).