632 So.2d 145 (1994)
CITY OF WEST PALM BEACH and Johns Eastern Company, Appellants,
v.
William BURBAUM, Appellee.
No. 93-1931.
District Court of Appeal of Florida, First District.
February 11, 1994.
Michael J. McManus of Law Office of Michael J. Edwards, West Palm Beach, for appellants.
Gerald A. Rosenthal of Gerald A. Rosenthal, P.A., West Palm Beach, and Randy D. Ellison of Broome, Kelley, Aldrich & Warren, P.A., West Palm Beach, for appellee.
PER CURIAM.
This appeal arises from an order of the judge of compensation claims (JCC) finding claimant's hypertensive condition causally related to his employment as a fire fighter/paramedic and requiring the City of West Palm Beach and Johns Eastern Company, the employer and servicing agent (E/SA), to pay claimant's medical costs, reimburse claimant's sick leave benefits, and pay penalties.
First, the E/SA claim the JCC erred in determining that they failed to overcome the presumption relative to the disability of fire fighters under section 112.18, Florida Statutes (1991). We reject the E/SA's argument, finding the JCC properly determined, based on the evidence, that the E/SA failed to present clear and convincing evidence sufficient to overcome the presumption. Caldwell v. Division of Retirement, 372 So.2d 438 (Fla. 1979).
Second, the E/SA argue that the JCC erred when he awarded claimant reimbursement of sick leave benefits. We find merit in the E/SA's contention. Payment of accrued sick time is an independent contractual right agreed to by the claimant and the employer as a condition of employment. Marion Correctional *146 Institution v. Kreigel, 522 So.2d 45, 47 (Fla. 5th DCA 1988), review denied 531 So.2d 1354 (Fla. 1988). The employer has no right to diminish his contractual obligation by refusing to reimburse leave time expended by a claimant while awaiting the determination of his workers' compensation claim. Id. at 47. However, it appears that the JCC may only consider the issue of reinstatement of a claimant's sick leave in specific instances where statutory disability benefits are awarded. Id. at 47; see also Larke v. City of Fort Lauderdale, 568 So.2d 58 (Fla. 1st DCA 1990) (see Judge Wentworth, concurring specially). Since payment of medical costs is not classified as a statutory disability benefit, it was improper for the JCC to reimburse claimant's sick leave benefits. See City of Fort Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA 1990) (JCC's award restoring claimant's sick leave was reversed where claimant conceded that the JCC awarded payment of only medical bills); see also Smith v. General Conference of S.D.A., 535 So.2d 611 (Fla. 1st DCA 1988) (payments for medical services are not "compensation").
Finally, the E/SA assert that the JCC erred in awarding penalties based on a premature filing of the notice to controvert. It is not clear what statutory basis the JCC used to order the E/SA to pay a penalty. However, since no compensation benefits were awarded, it appears to be pursuant to section 440.19(1)(e)7, Florida Statutes (1991). Under that section, the E/SA must either pay the requested benefit or file a notice to controvert with the division "[w]ithin 21 days of receipt of the acknowledged claim from the division."
Here, claimant filed a claim for benefits on October 8, 1992. The notice to controvert was filed approximately one month earlier, on September 9, 1992. Technically, the E/SA failed to comply with section 440.19 because the notice to controvert was not filed within 21 days of receiving the claim for benefits. It was filed prematurely. However, the workers' compensation statute is designed, in part, to penalize employers who delay or fail to show an active effort to fairly or expeditiously determine their obligations. See Florida Erection Services v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981). Since the notice to controvert in this case does not appear to have delayed the claim process, we find that a penalty was not proper in this instance.
In sum, we reverse those portions of the JCC's order reimbursing claimant's sick leave and assessing penalties. We affirm all other aspects of the JCC's order.
BOOTH, LAWRENCE and DAVIS, JJ., concur.