691 So.2d 580 (1997)
Gary L. WILLIAMS, Appellant,
v.
CITY OF FORT WALTON BEACH, Appellee.
No. 96-2124.
District Court of Appeal of Florida, First District.
April 16, 1997.
Woodburn S. Wesley, Jr. and Michael V. McGrail, Fort Walton Beach, for Appellant.
Millard L. Fretland of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for Appellee.
*581 BENTON, Judge.
A law enforcement officer, Gary L. Williams, was temporarily unable to work because of injuries that miscreants maliciously or intentionally inflicted when he sought to apprehend them. He appeals an order refusing to decide his claim against the City of Fort Walton Beach for the "full pay status" contemplated by section 440.15(11), Florida Statutes (1991).[1] The order on appeal determined the claim "to be outside the jurisdiction of the Judge of Compensation Claims." We affirm.
Mr. Williams' entitlement to temporary total workers' compensation disability benefitsat sixty-six and two-thirds per cent of average weekly wagesis not in dispute. § 440.15(2), Fla.Stat. (1991). The issue is whether judges of compensation claims have jurisdiction to order law enforcement officers' employers to reinstate leave or to pay whatever additional sums are needed so that, while temporarily disabled by malicious or intentional injuries sustained in the course and scope of their employment, they receive the equivalent of their full salaries. "Full pay status" also presumably entails benefits incident to full-time employment, including ongoing accrual of leave. Section 440.15(11), Florida Statutes (1991), provides:
FULL-PAY STATUS FOR CERTAIN LAW ENFORCEMENT OFFICERS. Any law enforcement officer as defined in s. 943.10(1), (2), or (3), who, while acting within the course of employment as provided by s. 440.091, is maliciously or intentionally injured and who thereby sustains a job-connected disability compensable under this chapter shall be carried in full-pay status rather than being required to use sick, annual, or other leave. Full-pay status shall be granted only after submission to the employing agency's head of a medical report which gives a current diagnosis of the employee's recovery and ability to return to work. In no case shall the employee's salary and workers' compensation benefits exceed the amount of the employee's regular salary requirements.
While acknowledging that Mr. Williams had been maliciously or intentionally injured and that he had sustained a job-related disability as a result, the judge of compensation claims declined to entertain a workers' compensation claim for "full pay status," citing Larke v. City of Fort Lauderdale, 568 So.2d 58, 60 (Fla. 1st DCA 1990)("only statutory benefits may be decided or adjudicated")(Wentworth, J., concurring) and Spinelli v. Florida Department of Commerce, 490 So.2d 1294, 1296 (Fla. 1st DCA 1986)(claim for reinstatement of vacation and sick leave "beyond the jurisdiction of the deputy commissioner").
Appellant's claim did not in terms seek reinstatement of any leave. Cf. City of West Palm Beach v. Burbaum, 632 So.2d 145 (Fla. 1st DCA 1994). But the request for retroactive "full pay status," if not a precise equivalent, bears a close resemblance. Neither restoration of leave an employee has taken, Larke, 568 So.2d at 59; Spinelli, 490 So.2d at 1296, nor retroactive alteration of his or her "employment status" is among the benefits a judge of compensation claims is authorized to award.[2]Cobb v. Santa Rosa County, Claim No. XXX-XX-XXXX (Fla. DLES A-West Mar. 24, 1995); Adams v. Calhoun Correctional Inst., Claim No. XXX-XX-XXXX (Fla. DLES A-Central Oct. 17, 1994)("Claimant's remedy *582 [against Department of Corrections] is through a Chapter 120 Administrative hearing if the issue cannot be resolved through internal grievance procedures within the department"). As Judge Brown pointed out in Adams, former subsection (11) distinguishes between "salary" and "workers' compensation benefits." See Burbaum; Spinelli.
As we read the statute, the City's administrative acceptance of Mr. Williams as temporarily totally disabled left nothing for the judge of compensation claims to decide. Under appellant's expansive jurisdictional view, a law enforcement officer's employer who had obtained workers' compensation insurance might nevertheless have to retain its own counsel to litigate the "full pay status" issues not encompassed in determining entitlement to temporary total disability benefits. Alternatively, questions about the extent of the insurer's obligation to defend (or provide coverage) might lead to ancillary judicial proceedings.
What method the City of Fort Walton Beach has adopted to deal with "full pay status" issues we do not know. The City's personnel procedures are not of record. But we have no reason to assume that they are in any way inadequate to vindicate law enforcement officers' rights fully and fairly. State personnel rules provide:
(1) Job-connected disability leave with pay
(a) An employee who sustains a job-connected disability that is compensable under Chapter 440, Florida Statutes, shall be carried in full-pay status for up to 40 work hours without being required up to use accrued leave beginning immediately following the onset of the injury.
(b) If, as a result of the job-connected injury, the employee is unable to resume work at the end of the period provided in paragraph (a) of this subsection:
1. The employee may elect to use accrued sick, compensatory, or annual leave in an amount necessary to receive salary payment that will increase the Workers' Compensation payments to the total salary being received prior to the occurrence of the disability.... In no case shall the employee's salary and Workers' Compensation benefits exceed the amount of the employee's regular salary payments[.]
Fla.Admin.Code R. 60K-5.031. Just as judges of compensation claims do not have jurisdiction over "full pay status" issues affecting state employees generally, so they are without such jurisdiction as to law enforcement officers in particular. Insofar as pertinent here, law enforcement officers maliciously or intentionally injured while employed by the State of Florida differ from other state employees only in that their leave balances are not reduced if it is determined they are able to resume their duties.
Properly understood, section 440.15(11), Florida Statutes (1991), operates as a limitation on compensation benefits rather than as authorization for the judge of compensation claims to adjudicate questions pertinent only to other aspects of the employment relationship. The first four subsections of section 440.15, Florida Statutes (1991)("Compensation for disability") authorize different types of benefit payments,[3] to be sure. But beginning at the latest with subsection (6), the statute also places limits on benefits.[4] Whatever *583 else it may be,[5] subsection (11) is clearly one of the limitations provisions. It specifies that, where higher benefits would otherwise be payable, they should instead be reduced so that, together with any salary the employee continues to receive, workers' compensation benefits do not exceed an employee's regular (pre-injury) salary.
The fact that languageeven language conferring rights on employeesappears in chapter 440 is not itself sufficient to create jurisdiction in a judge of compensation claims. In deciding "that section 440.205, Florida Statutes (1979), creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim," Smith v. Piezo Tech. and Prof'I Adm'rs, 427 So.2d 182, 183 (Fla.1983), our supreme court also decided that the "action is cognizable not before a deputy commissioner but in a court of competent jurisdiction." Id. at 185. Here the judge of compensation claims was "entirely correct in declining to enforce appellant['s] contractual rights, even though the value of those rights may have to be measured by comparison to worker's compensation benefits." Rudolph v. Miami Dolphins, Ltd., 447 So.2d 284 (Fla. 1st DCA 1983).
Affirmed.
BARFIELD, C.J., and ERVIN, J., concur.
NOTES
[1] Section 440.15(11), Florida Statutes (1991), was renumbered as section 440.15(12), Florida Statutes (Supp.1994). Ch. 93-415, § 20, at 131, Laws of Fla. The parties' stipulation refers to section 440.15(12).
[2] Claimant has not invoked section 440.21, Florida Statutes (1991), which confers broad powers on judges of compensation claims to redress employers' misapplication of other employee entitlements in (legally ineffective) efforts to discharge workers' compensation obligations. See Barragan v. City of Miami, 545 So.2d 252 (Fla.1989); Jewel Tea Co., Inc. v. Florida Indus. Comm'n, 235 So.2d 289 (Fla.1969); Marion Correctional Inst. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla.1988); General Tel. Co. of Fla. v. Willcox, 509 So.2d 1270 (Fla. 1st DCA 1987); Chancey v. Florida Pub. Utils., 426 So.2d 1140 (Fla. 1st DCA 1983). But see TRW, Inc. v. Betts, 407 So.2d 377 (Fla. 1st DCA 1981). The City has paid workers' compensation benefits in full in the present case. The claimant contends that the judge of compensation claims should award "full pay status" in addition to the benefits paid pursuant to section 440.15(2), Florida Statutes (1991), and does not contend that other benefits have been misapplied.
[3] Section 440.15(1), Florida Statutes (1991), authorizes benefits in cases of permanent total disability; subsection (2) authorizes benefits in cases of temporary total disability; subsection (3) establishes impairment and wage-loss benefits for claimants with certain permanent impairments; subsection (4) provides for benefits in cases of temporary partial disability; and subsection (5) addresses apportionment of benefits in cases of subsequent injuries.
[4] Section 440.15(6), Florida Statutes (1991), denies compensation to injured employees who unjustifiably refuse suitable employment; subsection (7) limits temporary partial disability benefits for employees who leave employment without complying with certain statutory requirements; subsection (8) curtails compensation for employees who become inmates; subsection (9) limits compensation by providing for a social security disability income set off; subsection (10) limits compensation for workers who also receive unemployment compensation benefits; and subsection (12) limits workers' compensation benefits for workers eligible for pension disability benefits payable by a public employer.
[5] Today's decision does not preclude appellant's pursuing his claim of entitlement to "full-pay status" in an appropriate forum.