ALTENBERND, Judge,
Dissenting.
I agree with the majority that it is difficult, if not impossible, to distinguish Eden-field from this case. Nevertheless, I would hold that a joint stipulation for settlement of a workers’ compensation claim may not contain a general release of claims that are beyond the jurisdiction of the judge of compensation claims. If the parties wish to settle claims that cannot be litigated in a workers’ compensation forum, they should be required to settle those claims with a separate general release supported by separate consideration. Edenfield simply encourages workers’ compensation insurance carriers and their attorneys to prepare overreaching stipulations. Although attorneys and their clients should be expected to read important legal documents, if courts are to promote trust and professionalism among lawyers, we should not automatically enforce the type of “gotcha” release involved in this case. See generally Berkman v. Foley, 709 So.2d 628 (Fla. 4th DCA 1998); 81 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla.1979).
Scott Anderson was employed by Tampa Bay Academy from February 7, 1994, to February 28, 1995, as a mental health technician. He injured his right knee on July 23, 1994, while playing football with some students. He had surgery on the knee and made a proper claim for workers’ compensation benefits. He achieved maximum medical improvement by mid-November, but was left with a 12% permanent partial impairment to the body as a whole.
The record contains correspondence between Jeanie Jayne, the claims adjuster at the “Claims Center,”[1] and Richard Manno, the attorney representing Mr. Anderson. Following typical claims negotiations, the parties agreed to settle the workers’ compensation claim for $7000. Mr. Anderson was to receive $5700, and Mr. Manno was to receive $1300 in attorneys’ fees. Thereafter, the Claims Center referred the matter to an attorney to prepare settlement documents.
In March 1996, the attorney retained by Claims Center sent Mr. Manno a proposed *1033 joint petition and stipulation. The cover letter does not suggest that the document settles anything other than a workers’ compensation claim. Paragraph 7 of the joint petition stipulates that “the Employer/Servicing Agent will pay to the Claimant $7,000.00 in full and complete satisfaction of the obligation or liability to all benefits of whatever kind or classification available under the Florida Workers’ Compensation Law .... ” This paragraph does not discuss a settlement of any other type of claim and specifically provides a “breakdown” of the proposed settlement of $4000 for past and future monetary compensation and $3000 for past and future medical expenses. Thus, no consideration is described in the petition to settle any claim other than a workers’ compensation claim.
Paragraph 12 begins on page seven of the proposed stipulation. The portion of that paragraph on page seven states:
ALL KNOWN ACCIDENTS, INJURIES, AND OCCUPATIONAL DISEASES REVEALED AND ALL PENDING CLAIMS WITHDRAWN— The Claimant represents and affirms that all accidents, injuries, and occupational diseases known to have occurred or have been sustained while employed by the Employer have been revealed and are settled by this agreement. All pending claims, petitions for benefits, and notices of denial pertaining thereto are hereby voluntarily withdrawn.
At the top of page eight, the proposed stipulation contains the language critical to this case:
In further consideration of the payments outlined herein, Claimant waives, settles and releases the Employer from all potential claims against the Employer, its subsidiaries, agents, employees, officers or directors of whatsoever kind or nature including but not limited to claims resulting from gross negligence or violation of local, state or federal government law, rules or regulations concerning events which may have occurred while Claimant was in the Employer’s employ or otherwise arising out of Claimant’s employment with the Employer.
Mr. Anderson signed this stipulation on March 29, 1996. The judge of compensation claims signed a standard form order approving the joint petition and stipulation on April 22,1996.
Thereafter, on September 26, 1996, Mr. Anderson filed this lawsuit alleging that he was fired by Tampa Bay Academy on February 16, 1995. He alleged that he was fired in violation of section 440.205, Florida Statutes (1995), because he had filed a workers’ compensation claim. He also alleged that his employer had discriminated against him because of his handicap in violation of section 760.01, et seq., Florida Statutes (1995). Tampa Bay Academy answered the complaint and quickly moved for summary judgment on the affirmative defense of release. The Academy relied upon the above-quoted language in the joint petition. The trial court granted summary judgment. Edenfield supports that ruling.
I agree that the general release language in paragraph 12 at the top of page eight of the joint petition is unambiguous. It is, however, a release well in excess of that described in the title to paragraph 12. There is no separate consideration for this release. The judge of compensation claims had no jurisdiction to settle the wrongful termination claim under section 440.205. See Smith v. Piezo Tech. & Prof. Admin’rs, 427 So.2d 182 (Fla.1983). See also Montes De Oca v. Orkin Exterminating Co., 692 So.2d 257 (Fla. 3d DCA 1997); Williams v. City of Fort Walton Beach, 691 So.2d 580 (Fla. 1st DCA 1997). The order entered by the judge on the stipulation only releases the claims for workers’ compensation benefits.[2]
*1034 I am inclined to believe that courts should not allow a joint petition to settle any claim that is non-justiciable in a workers’ compensation forum. At a minimum, I would hold that a release of a claim under section 440.205 must be supported by separate consideration. Any effort to release that claim in a joint petition should be voidable upon proof that the parties never discussed a settlement of the claim and that all settlement funds came from coverage A of a workers’ compensation policy, rather than from the employer or some other insurance coverage.

. The insurance carrier is never identified by name in this file. It is only identified as Carrier No. 520-94-13002-356340.

. A few days after the judge approved this joint petition, rule 4 .143 went into effect. Under that rule, joint petitions must be submitted on standard forms published by the *1034 Office of the Judges of Compensation Claims, or the equivalent. See Fla. R. Work. Comp. P. 4.143(b). Paragraph 10 of the current standard form does not contain a general release, but states:
10. ALL KNOWN ACCIDENTS, INJURIES, AND OCCUPATIONAL DISEASES REVEALED AND ALL PENDING CLAIMS WITHDRAWN. — The (claimant) (employee) (petitioner) once again, represents and affirms that all accidents, injuries and occupational diseases known to have occurred or sustained while (allegedly) employed by the employer have been revealed. All pending claims and notices of denial pertaining thereto are hereby voluntarily withdrawn.