728 So.2d 1247 (1999)
William HERIC, Appellant,
v.
CITY OF ORMOND BEACH and City of Ormond Beach Risk Management, Appellees.
No. 98-583.
District Court of Appeal of Florida, First District.
April 13, 1999.
Geoffrey Bichler of Geoffrey Bichler, P.A., Winter Park, for Appellant.
J. Richard Boehm of Boehm, Brown, Seacrest, Fischer & Lefever, P.A., Daytona Beach, for Appellees.
PER CURIAM.
The judge of compensation claims denied the petition for workers' compensation benefits in this case on the ground that the controversy between the parties was subject to resolution by the terms in a collective bargaining agreement. The parties can agree that workers' compensation claims will be resolved according to an alternative dispute resolution procedure in a collective bargaining agreement, but we conclude that the agreement in the present case is not controlling because it goes beyond the dispute resolution procedure and has the effect of diminishing the employee's substantive right to workers' compensation benefits. Consequently, we reverse for a hearing on the merits of the claim.
The claimant, William Heric, is employed by the City of Ormond Beach as a firefighter. He suffered a heart attack on August 8, 1996, while on vacation. The employer and carrier accepted the compensability of the claimant's heart condition pursuant to section 112.18, Florida Statutes, and began paying medical and indemnity benefits. A collective bargaining agreement between the employer and the union, of which the claimant is a member, explains how the benefits will be paid.
*1248 Pursuant to this agreement, claimants are entitled to receive full pay and benefits for disability for up to 1,008 hours, which, for firefighters, is equivalent to ninety days. After the 1,008 hours have been exhausted, claimants can petition the city for an extension of "full pay" status. Upon receipt of such a petition, the city is required to convene a panel comprised of the Fire Chief, the treating physician, and the city's Human Resources Director. This panel makes a recommendation to the City Manager regarding the petition. The panel's recommendation is not binding on the City Manager who has the ultimate authority to either grant or deny a claimant's petition. If the petition is denied, the collective bargaining agreement provides that "[t]he employee shall, after utilizing the employee's annual Personal Leave Time and the employee's Sick Leave Bank, revert to normal workers' compensation benefits."
Pursuant to the collective bargaining agreement, the claimant received full pay from August 8, 1996, until December 27, 1996, at which time his 1,008 hours were exhausted. He then petitioned the city for an extension of his "full pay" status. While the petition was pending, the claimant received full pay through deductions from his sick and personal leave banks. On April 3, 1997, the City Manager denied the claimant's petition for an extension. The claimant continued to receive his full pay through deductions from his sick and personal leave banks until his return to work on June 2, 1997.
On February 24, 1997, the claimant filed a petition for benefits seeking payment of temporary total disability or temporary partial disability. The employer and carrier filed a notice of denial to this petition. On December 11, 1997, a hearing was held. The hearing was limited to the issue of whether the claimant was entitled to temporary total disability or temporary partial disability benefits from December 27, 1996, through June 2, 1997, the time period during which the claimant exhausted his sick and personal leave.
After the hearing, the judge of compensation claims entered an order denying the petition for benefits on the ground that the collective bargaining agreement provides the exclusive remedy for resolution of the claim. The judge concluded that the agreement creates an alternative dispute resolution system consistent with section 440.211, Florida Statutes and that the agreement did not diminish the claimant's entitlement to workers' compensation benefits. Section 440.211, Florida Statutes (1995) states:
(1) Subject to the limitation stated in subsection (2), a provision that is mutually agreed upon in any collective bargaining agreement filed with the division between an individually self-insured employer or other employer upon consent of the employer's carrier and a recognized or certified exclusive bargaining representative establishing any of the following shall be valid and binding:
(a) An alternative dispute resolution system to supplement, modify, or replace the provisions of this chapter which may include, but is not limited to, conciliation, mediation, and arbitration. Arbitration held pursuant to this section shall be binding on the parties.
* * * * *
(2) Nothing in this section shall allow any agreement that diminishes an employee's entitlement to benefits as otherwise set forth in this chapter. Any such agreement in violation of this provision shall be null and void.
In Gassner v. Bechtel Construction, 702 So.2d 548 (Fla. 1st DCA 1997), rev. denied, 717 So.2d 531 (Fla.1998), this court clarified that section 440.211 allows for the creation of a procedural system that is independent of Chapter 440 but does not authorize any changes in the benefits received by a claimant. We stated:
This list of what purport to be diminished benefits reveals significant confusion about the distinction section 440.211 draws between benefits and (alternative) procedures.
By definition, at least some of the procedures in a workers' compensation alternative dispute resolution system must differ from the dispute resolution procedures set out in chapter 440, Florida Statutes (1995). Identical procedures do not constitute an *1249 alternative. When, as section 440.211 contemplates, a collective bargaining agreement establishes an alternative dispute resolution system, new means and methods are brought into existence to deliver the same statutory benefits. These procedural differences do not run afoul of section 440.211(2), Florida Statutes (1995). If, as appellant argues, the agreement creates procedural requirements for the receipt of benefits that Chapter 440 does not impose, the agreement also creates procedural opportunities for the provision of benefits that chapter 440 does not afford. As long as the benefits themselves are undiminished, the requirements of section 440.211, Florida Statutes (1995), are met.

(emphasis added) Id. at 552-553. Thus, the statute "manifests a clear intention to curtail or displace the jurisdiction of the Division of Workers' Compensation and its judges of compensation claims" without altering the benefits to which the claimant is entitled. Id. at 552.
It is not necessary to decide whether the collective bargaining agreement in this case creates an alternative dispute resolution system because the judge's determination that the agreement does not diminish the claimant's entitlement to Chapter 440 workers' compensation benefits is erroneous. The provisions of section 440.211(2), Florida Statutes compel a conclusion that the collective bargaining agreement is invalid to the extent that it purports to regulate the method of recovering workers' compensation benefits.
The agreement diminishes the claimant's entitlement to benefits by requiring him to exhaust his personal and sick leave benefits before he can receive workmen's compensation benefits. Relevant to this issue is section 440.21, Florida Statutes which states:
(1) Any agreement by an employee to pay any portion of premium paid by her or his employer to a carrier or to contribute to a benefit fund or department maintained by the employer for the purpose of providing compensation or medical services and supplies as required by this chapter is invalid.
(2) An agreement by an employee to waive her or his right to compensation under this chapter is invalid.
In the recent case, Nolan v. Delta Airlines, No. 98-857, 24 Fla. L. Weekly D555, ___ So.2d ___, 1999 WL 280805 (Fla. 1st DCA 1999), this court held that it was a violation of section 440.21(2), Florida Statutes to compel an employee to use her sick and vacation leave rather than receive the statutorily mandated workers' compensation benefits. The employer and carrier argued that it did not compel the employee to use her sick and vacation leave rather she opted to do so. We found:
While it is true that the employer/carrier did not literally compel claimant to use her sick and vacation leave rather than receive the statutorily mandated workers' compensation benefits, the employer/carrier offered her an illusory choice. The claimant could elect to receive her regular compensation or an amount less than one-half of her regular pay in workers' compensation benefits. This is no real option.
Id. The same reasoning applies to the collective bargaining agreement in this case. As we stated in Nolan:
[I]t is our view that the paramount consideration in the instant case is the requirement that workers' compensation benefits are payable for an injury which occurs in the course and scope of employment. Section 440.09(1), Florida Statutes (1987), provides that compensation shall be paid, except for the situations enumerated in that section, none of which are applicable here. As recently recognized in Williams v. City of Fort Walton Beach, 691 So.2d 580, 581, n. 2 (Fla. 1st DCA 1997), section 440.21 exists "to redress employers' misapplication of other employee entitlements in (legally ineffective) efforts to discharge workers' compensation obligations." See also Barragan v. City of Miami, 545 So.2d 252 (Fla.1989); Jewel Tea Co., Inc. v. Florida Indus. Comm'n, 235 So.2d 289 (Fla.1969); Marion Correctional Inst. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988); Chancey v. Florida Pub. Utils., 426 So.2d 1140 (Fla. 1st DCA 1983).
Id.
Thus, on remand, the judge shall hold a hearing on the merits of the claimant's petition. *1250 If the claimant was entitled to workers' compensation benefits for the period of December 27, 1996, through June 2, 1997, then such benefits shall be awarded. As in Nolan, the employer and carrier may seek to offset against the leave compensation paid to claimant the amount by which the aggregate of leave compensation and workers' compensation benefits exceeds the claimant's average weekly wage. Likewise, the judge has jurisdiction to reinstate claimant's sick leave and personal leave benefits in proportionate amounts to the offset taken by the employer. See Nolan.
Reversed.
BOOTH, BENTON and PADOVANO, JJ., CONCUR.