733 So.2d 1076 (1999)
Patricia NOLAN, Appellant,
v.
DELTA AIRLINES and Wausau Insurance, Appellees.
No. 98-857.
District Court of Appeal of Florida, First District.
May 5, 1999.
*1077 Mark L. Zientz of Levine, Busch, Schnepper & Stein, P.A., Miami, for Appellants.
Phillip D. Blackmon and Cindy J. Mishcon of Pyszka, Douberley, Blackmon, Levy & Savola, P.A., Miami, for Appellees.

CORRECTED OPINION
VAN NORTWICK, J.
In this workers' compensation action, the claimant, Patricia Nolan, a flight attendant for appellee Delta Airlines, was injured in a work-related accident on October 11, 1988, which appellees, Delta and Wausau Insurance (jointly the employer/carrier), accepted as compensable. In the proceeding below, claimant sought temporary total disability benefits for the period of time from January 11, 1989 through April 26, 1989, a period in which she did not receive any workers' compensation benefits but was paid her full salary by utilizing all of her sick and vacation leave. The judge of compensation claims (JCC) denied the disability benefits, reasoning that to award claimant benefits for this period would result in her receiving more than her average weekly wage for those weeks. For the reasons that follow, we reverse.

Factual Background
At the time of claimant's accident, Delta had in force an accident leave policy,[1] a sick leave policy and a vacation time policy. These programs were provided as an employment benefit by Delta; employees did not make any financial contributions. Under these programs, if, after the accident leave period expired, an employee was still unable to return to work, the employee could elect to be paid workers' compensation benefits solely, or could elect to receive his or her full salary under the provisions of the employer's sick leave policy. If the employee was still unable to return to work after the employee's sick leave time expired, the employee could continue to receive full pay by using up his or her allotted vacation time. After the vacation pay expired, the employee would then receive *1078 workers' compensation benefits. Delta employees were not given an option to use a combination of workers' compensation and sick/vacation leave.
Sick leave and annual leave are granted Delta employees yearly beginning on the employee's anniversary date and continuing for a year thereafter. These benefits are granted on a "use or lose" basis and cannot be carried over or exchanged for additional pay. The claimant's anniversary date is September 28.
In the instant case, following the accident claimant continued to receive her full salary and used all of her accident leave, sick leave, and vacation leave, and began receiving workers' compensation benefits on April 27, 1989. Claimant returned to work on December 1, 1989, and after working for Delta for two consecutive weeks, she was given a new allotment of vacation and sick days retroactive to September 28, 1989, to use for the 1989-1990 employment year.

Section 440.21(2), Florida Statutes (1987)
On appeal, claimant contends that the option given to her to use her sick leave and vacation leave in lieu of payment of workers' compensation benefits, constituted an improper agreement to waive her right to compensation contrary to section 440.21(2), Florida Statutes (1987). This statute provides that "no agreement by an employee to waive his right to compensation under this chapter shall be valid." § 440.21(2), Fla. Stat. (1987).
The employer/carrier acknowledge that an employer cannot force or compel an employee to use her allotted sick leave or vacation leave in lieu of workers' compensation. See Marion Correctional Inst. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988). They contend, however, that claimant was not compelled or required to use her leave, rather, she opted to use it. Moreover, they point out that for the period of time in dispute, claimant received 100% of her salary which is all that she is entitled to. See Escambia County Sheriff's Dep't v. Grice, 692 So.2d 896 (Fla.1997); Brown v. S.S. Kresge Co., Inc., 305 So.2d 191 (Fla. 1974).
The paramount consideration in the instant case is the statutory requirement that workers' compensation benefits are payable for an injury which occurs in the course and scope of employment. Section 440.09(1), Florida Statutes (1987), provides that compensation shall be paid, except for the situations enumerated in that section, none of which are applicable here. As recently recognized in Williams v. City of Fort Walton Beach, 691 So.2d 580, 581, n. 2 (Fla. 1st DCA 1997), section 440.21 exists "to redress employers' misapplication of other employee entitlements in (legally ineffective) efforts to discharge workers' compensation obligations." See also Barragan v. City of Miami, 545 So.2d 252 (Fla.1989); Jewel Tea Co., Inc. v. Florida Indus. Comm'n, 235 So.2d 289 (Fla.1969); Marion Correctional Inst. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988); Chancey v. Florida Pub. Utils., 426 So.2d 1140 (Fla. 1st DCA 1983).
We cannot agree with the employer/carrier's characterization of the circumstances of the instant case. While it is true that the employer/carrier did not literally compel claimant to use her sick and vacation leave rather than receive the statutorily mandated workers' compensation benefits, the employer/carrier offered her an illusory choice. The claimant could elect to receive her regular compensation or an amount less than one-half of her regular pay in workers' compensation benefits.[2] This is no real option. Accordingly, we agree with the claimant that section 440.21(2) was violated in this case. Id.
*1079 Further, we distinguish the facts of the instant action from a circumstance in which the employer allows an injured employee to use another benefit, such as sick leave or personal leave, to cover the difference in the amount between the workers' compensation benefits and the employee's full compensation. Our holding here is not a barrier to such a policy. See, e.g., Fla. Admin. Code R. 60K-5.031.

Amount of Benefits
While under section 440.09(1) an employer may not avoid paying workers' compensation benefits by offering alternative benefits, pursuant to section 440.20(15), Florida Statutes (1987):
an injured worker, except where expressly given such a right by contract, may not receive benefits from his employer and other collateral sources which, when totaled, exceed 100% of his average weekly wage.
See Grice, 692 So.2d at 898.
Thus, to the extent that the combination of claimant's compensation received while on leave and the workers' compensation benefits exceed her average weekly wage, the employer is entitled to offset the amounts paid under the leave plans by the amount the aggregate payments exceed claimant's average weekly wage. See also Barragan v. City of Miami, 545 So.2d at 254. In addition, however, if the employer receives such an offset, the employer "should be allowed to charge [the claimant] with ... leave time only in proportion to the amount of benefits it paid [claimant]." Chancey v. Florida Pub. Utils., 426 So.2d at 1141. Otherwise, the employer would be benefitting from any offset, while charging the employee for the full use of her leave.
Thus, on remand, the JCC shall award claimant workers' compensation disability benefits for the period of January 11, 1989 to April 26, 1989, when the employer/carrier failed in its statutory obligation to pay benefits for a work-related injury. Further, the employer may seek to offset against the leave compensation paid to claimant the amount by which the aggregate of leave compensation and workers' compensation benefits exceeds claimant's average weekly wage. Grice, 692 So.2d at 898. Finally, in the event the employer requests the JCC to make such an offset, the JCC has jurisdiction to reinstate claimant's sick leave and vacation leave benefits in proportionate amounts to the offset taken by the employer. See Marion Correctional Inst. v. Kriegel, 522 So.2d at 47.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH AND PADOVANO, JJ., CONCUR.
NOTES
[1] Pursuant to Delta's accident leave policy, employees who suffered an on-the-job injury were automatically entitled to have their full salaries continued for a maximum of 13 weeks following the injury. Accident leave was not chargeable against the employee's sick leave time. Claimant was paid her full pay pursuant to this accident leave policy for the period beginning October 12, 1988 and ending January 10, 1989.
[2] Claimant's salary exceeded the statewide average weekly wage, and she was subject to the statutory cap of section 440.12(2), Florida Statutes (1987). Thus, for the period of time that she received workers' compensation benefits, she was paid less than half of her usual monthly salary.